## BEAUCHAMP v. BEAUCHAMP.

No. 3849.  Opinion Filed January 26, 1915.

(146 Pac. 30.)

1.  **DIVORCE—Grounds—"Gross Neglect of Duty."** "Gross neglect of duty," within the meaning of section 4545, St. Okla. 1893 (section 4962, Rev. Laws 1910), is such a glaring, flagrant, shameful, or monstrous neglect of marital duty as to be obvious to the common understanding and inexcusable under all the relevant facts in the case.

2.  **SAME—Nonsupport.** Where a wife, who owns considerable property, does not appear to be dependent upon, or in need of the support of, her husband, who owns no property, and is unable, by reason of bad health, to earn a sufficiency for his own support, and she is in abandonment of him without appearance of just cause, the mere proof that he has not contributed to the support of her nor of their daughter, who is living with her, during such time of such abandonment, does not entitle her to a divorce upon the ground of "gross neglect of duty."

(Syllabus by Thacker, C.)

*Error from District Court, Seminole County;*

*Tom D. McKeown, Judge.*

Action by Lizzie C. Beauchamp against Commodore P. Beauchamp for divorce.  Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.

On January 21, 1910, plaintiff commenced her first action against the defendant in the district court of Oklahoma county for divorce upon the ground of non-support as "gross neglect of duty," which the court, on October 16, 1910, denied upon a demurrer to her evidence.  On September 3, 1911, plaintiff commenced the present action in the district court of Seminole county for divorce upon the same ground; and the only question here is as to the sufficiency of the evidence to show "gross neglect of duty" in this respect since October 16, 1910, the trial court

having sustained defendant's plea of *res judicata* as to this question up to and including that date. In 1891, he (about 36 years old) having once before been married, and she (about 29 years old) being a widow, they married. In June, 1895, a daughter was born to them. They lived together as husband and wife until June 19, 1907, since which time they have lived separate and apart, she (without just cause appearing) having abandoned him and refused to live with him under any circumstances. Prior to October 16, 1910, he tried in vain to induce her to resume actual conjugal relations with him. The daughter has lived with her, and, as does the plaintiff, manifests a positive aversion for the defendant. He has made no substantial contribution to their support since October 16, 1910. But his health has been too bad for him to work much, and he has been able to earn but little—not enough for his own support. He is sober, and does not gamble. He is a carpenter by trade; worked at that trade while they lived together; and has worked at that trade some, also some in the real estate business, since October 16, 1910. It does not appear that she has been dependent upon him or in need of his support since October 16, 1910. When they married he owned no property, and has acquired none apart from her since. She then owned two lots and a six-room house in Oklahoma City. Both contributed to the improvements of her said property and of other property subsequently acquired by her in trades and exchanges. The value of her property was enhanced by their joint labors and expenditures, and much more by a general advance in real estate values. When they separated the property was worth about $4,500. At the time of the trial of this case it was worth from $15,000 to $25,000. It does not appear whether this is a net valuation; and it does appear that there are mortgages amounting to more than $8,000 on her property. In part, at least, her property produced revenue in the form of rents. In August or September, 1909, two lots were sold for $2,400, half in cash, which she got, and the other half evidenced by notes, which he got. The decree of the court gave

her all the property, but required her to pay him $750, as follows: $150 by September 1, 1912; and the balance in four semiannual installments, beginning on January 1, 1913.

*Warren K. Snyder,* for plaintiff in error.

*Crump, Fowler & Skinner,* for defendant in error.

Opinion by THACKER, C. (after stating the facts as above). Plaintiff in error will be designated as defendant and defendant in error as plaintiff, in accord with their respective titles in the trial court.

The ninth subdivision of section 4545, St. 1893 (section 4962, Rev. Laws 1910), makes "gross neglect of duty" a ground for divorce. This use of the word "gross" requires that the "neglect of duty" must be so glaring, flagrant, shameful, or monstrous, under all the relevant facts of the case, as to be obvious to the common understanding and inexcusable. *Smith v. Smith,* 22 Kan. 699; *Peabody v. Peabody,* 104 Mass. 195; *Thorp v. Thorp,* Wright (Ohio) 763.

One of the definitions of the word "gross," and the one in point here, given by Webster's New International Dictionary is:

"Out of all measure; beyond allowance; not to be excused; flagrant; shameful; as, a gross dereliction of duty; a gross injustice; gross carelessness."

As held in *Lee v. Lee,* 38 Okla. 388, 132 Pac. 1070:

"A substantial failure of a husband to provide suitably for his wife's support when he is able to do so is gross neglect of duty, entitling the wife to divorce."

But, in the absence of evidence reasonably tending to show either that the defendant was able to contribute to the support of the plaintiff and their daughter, or that they were dependent upon him for support, and in the absence of evidence reasonably tending to prove that she had any just cause for abandoning him, it cannot be said he was guilty of "gross neglect of duty" in failing to support her and their daughter, who was with

her, or to make any substantial contribution to the support of either during their abandonment of him after October 16, 1910, when the district court of another county denied her petition for divorce on the same ground upon defendant's demurrer to her evidence.

The judgment of the trial court should be reversed, and the case should be remanded for another trial.

By the Court: It is so ordered.