## MORRIS v. MORRIS.

No. 18556. Opinion Filed Sept. 25, 1928.

(Syllabus.)

1. **Divorce—Requisites of Conduct to Constitute "Extreme Cruelty" Without Physical Violence.**

In an action for divorce upon the grounds of extreme cruelty on conduct charged other than physical violence, either actual or threatened, it is not sufficient that such conduct should be embarrassing and improper, but it must be shown that such conduct will produce bodily hurt to the physical system, or at least that such effect is to be reasonably apprehended as a result thereof. It is not enough that the grounds be the result of incompatibility of tastes or temperament or estrangement produced by differences of opinion. The remedy of absolute divorce is an extraordinary remedy for evils which are unavoidable and unendurable which cannot be relieved by any proper and reasonable

exertion of the parties seeking the aid of the courts.

**2. Divorce—"Gross Neglect of Duty."**

Gross neglect of duty, within the meaning of our divorce statute, is such a glaring, shameful neglect of marital duties as to be obvious from common understanding and inexcusable under all relevant facts in the case.

**3. Divorce—Review—Reversal Where Judgment Against Clear Weight of Evidence.**

In an action for divorce, on appeal, this court will weigh the evidence, and where the judgment and decree granting a divorce is against the clear weight of the evidence, the same will be reversed.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Pearl Herrald Morris for separate maintenance and support for herself and two minor children against W. O. Morris. W. O. Morris filed answer and cross-petition and recovered a judgment in the court below for absolute divorce. Reversed and remanded, with directions.

Warren K. Snyder and Edward C. Snyder, for plaintiff in error.

Hughes & Wells and Walter Benson, for defendant in error.

CLARK, J. This cause presents error from the district court of Oklahoma county, wherein plaintiff in error was plaintiff below, and defendant in error was defendant below. For convenience, parties will be referred to as they appeared in the trial court.

Plaintiff filed her action in the district court against the defendant asking for separate maintenance and support for herself and two children. Plaintiff alleged that she and defendant were bona fide residents of the state of Oklahoma and of Oklahoma county; that she and the defendant were married at Oswego, in the state of Kansas, on or about the 3rd day of June, 1920. That of said marriage two children were born: Jack Morris, age about 4½ years, and Harold Morris, about ten weeks of age. The latter child was born May 5, 1926. The action was begun the 13th day of July, 1926.

Plaintiff charged that the defendant, without excuse or provocation, on or about the 2nd day of March, 1926, abandoned plaintiff and had been living separately and apart from the plaintiff since that date. That the defendant was earning about $4,000 a year and had failed and refused to make suitable provision for the necessities of herself and two minor children of plaintiff and defend-

ant. Plaintiff asks also for a diamond ring, attorney fees, and that she might have the care and custody of her two children.

Defendant filed his answer and cross-petition, in which he denied allegations of plaintiff's petition and charged in his cross-petition that plaintiff had become dissatisfied with the defendant and began a course of conduct towards the defendant that made it very difficult to get along with her. That plaintiff was dissatisfied with the place defendant provided for her home, continually nagged defendant, and would pack her clothes and threaten to leave the defendant and go home to her mother. That she would tell defendant that she hated and despised him, and she would tell others that she despised defendant, and that it gave her great joy to make the defendant as miserable as possible. That she often would fly into a rage and use violent and abusive language to the defendant in his presence and the presence of others, to his great humiliation and mental pain. Defendant alleged that he has a child by a former marriage and that said child came to visit him in his home. That plaintiff was very abusive towards said child upon this visit, and called him ugly names and would refuse to prepare his bed and would continually nag the defendant during the time the child was visiting in the home and made it very unpleasant for the child and for the defendant. Defendant alleges that because of the treatment of the plaintiff, her course of treatment toward him and his child by a former marriage, it was impossible for them to live together in peace and comfort, and that several months prior to the filing of said answer they had separated. Defendant further stated that during said time he had contributed to the support and maintenance of said plaintiff and the children more liberally than his income would permit. Defendant alleges that the matters and things complained of in his cross-petition had been of long standing and, that, notwithstanding his efforts to provide a home for the plaintiff and the children and live in peace, happiness, and comfort, she has nagged him and has taught their four year old son to despise his father and say ugly things to him; that she had cursed and abused defendant and sought to make life unpleasant for him, destroy him in his business, and because of this treatment defendant is entitled to a divorce from plaintiff and to the care and custody of Jack Morris, their four year old son.

Plaintiff filed a reply to said answer and

cross-petition in which she denies each, every, and all and singular the allegations, statements, charges, matters, and things set forth in said answer in the nature of defensive matter, and also denies each and every allegation therein contained which in any way controverts or denies plaintiff's cause of action as set forth, and denies all other allegations save and except the marriage, residence of the parties, and the birth to plaintiff and defendant of two minor children, now living, which are in the custody of the plaintiff, and prays judgment on her petition originally demanded.

Cause came on for hearing; a number of witnesses testified for both sides. Plaintiff's evidence tended to show that she had been a dutiful and faithful wife and that defendant had been careless and negligent in looking after her welfare. Evidence shows defendant's business of cotton grader or buyer kept him away from home a considerable portion of the time. Neighbors testified that when he came home it usually resulted in a row, and that people living next door could hear plaintiff and defendant, and hear defendant cursing and abusing plaintiff. Defendant admitted the use of such language, but insists it was brought on by the acts of plaintiff. Anyone reading this record must conclude that this ship on the matrimonial sea has had anything but a calm, quiet, peaceful voyage. The evidence of the defendant discloses that plaintiff used curse words in his presence and in the presence of the children; that she would swear at the defendant. The record further discloses that this is the second matrimonial venture of the defendant; that he had a former wife, whom he divorced and to whom he was required to pay alimony in the sum of $75 per month, but which amount was later reduced to $50 per month. That after said divorce he married the defendant before the six months expired required by statute before a divorce is in full force and effect. Defendant attempts to place the blame for this early marriage on plaintiff. However, the record discloses that he is a man of mature years with all his faculties, and there is no testimony indicating that plaintiff took advantage of the defendant in entering into this marriage relation.

Defendant also contended that the plaintiff neglected her household duties; that he was compelled to scrub floors and cook and perform other menial tasks around the home, very much to his hurt and mental anguish. This is disputed by plaintiff. The evidence discloses that plaintiff took good care of their children; kept them clean, and that they were well cared for, and otherwise performed her duties as a mother towards the children.

The court, after hearing all the testimony and argument of counsel, granted a divorce to the defendant on his cross-petition; gave the care and custody of the children to plaintiff; gave the plaintiff alimony for the support of herself and children in the sum of $100 per month, except the months of June, July, and August of each year, and during these three months of the calendar year the defendant should contribute the sum of $75 for the support and maintenance of plaintiff and her two minor children, to which action of the court the plaintiff excepted, and brought the cause here for review, assigning as error that said judgment so rendered in favor of W. O. Morris granting him an absolute divorce is contrary to the evidence and not supported by the evidence, and that said judgment is contrary to law.

Plaintiff in error contends that the testimony offered below does not prove extreme cruelty.

Section 501, C. O. S. 1921, defines the different grounds for divorce:

"Sixth: Extreme cruelty.* * * Ninth: Gross neglect of duty."

The court's finding in this cause did not state on what grounds the divorce was granted. Defendant's cross-petition tended to charge extreme cruelty and gross neglect of duty, but did not specifically charge either.

Plaintiff in error contends that the court's judgment and finding is clearly against the weight of the evidence; that the evidence fails to prove either gross neglect of duty or extreme cruelty, as defined and applied by this court.

This court, in the case of Reed v. Reed, 119 Okla. 5, 246 Pac. 413, in the third and fourth paragraphs of the syllabus said:

"3. 'Gross neglect of duty,' within meaning of divorce statute, is such glaring, shameful, or monstrous neglect of marital duties as to be obvious from common understanding, and inexcusable under all relevant facts in case.

"4. 'Marriage' is a contract, and a relation which, if possible, should endure, and public policy requires that there be no straining of law or facts to end the contract and sever the relation. Courts, having ever in view the public good, may often wisely use their discretion to give time and opportunity for reconciliation."

This court, in the case of Beauchamp v. Beauchamp, 44 Okla. 634, 146 Pac. 30, in the first paragraph of the syllabus defines gross neglect of duty:

" 'Gross neglect of duty,' within the meaning of section 4545, St. Okla. 1893 (section 4962., Rev. Laws 1910), is such a glaring, flagrant, shameful, or monstrous neglect of marital duty as to be obvious to the common understanding and inexcusable under all the relevant facts in the case."

We are of the opinion that the proof failed to show or failed to prove gross neglect of duty on the part of the plaintiff in this cause. It is perhaps true that just prior to the birth of this last child the defendant was compelled to assist in the household duties. The evidence does not disclose that his health was impaired, or that he was in any way inconvenienced by performing his duties and assisting a wife, who was necessarily in a delicate condition.

Does the evidence support the decree on grounds of extreme cruelty?

This court, in the case of Barker v. Barker, 25 Okla. 48, 105 Pac. 347, in the first and second paragraphs of the syllabus said:

"In an action for divorce, where the cause of action is predicated upon extreme cruelty for conduct other than physical violence, either actual or threatened, it is not sufficient that there should simply be danger that such conduct, operating through the mental faculties, may produce injury or bodily hurt to the physical system, but it must be shown that such in fact is the effect, or at least that such effect is to be reasonably apprehended as imminent as a result thereof. And to entitle a party to the remedy of divorcement on the ground of extreme cruelty, it is not enough that the grounds be the result of incompatibility of tastes or temperament or estrangement produced by differences of opinion and conduct growing out of the administration of household affairs, as these must be endured along with the other minor misfortunes of life. They are the things which under the law parties who marry take into consideration on entering matrimony, and divorce will not be granted on their account. The remedy of absolute divorce is an extraordinary remedy for evils which are unavoidable and unendurable, and which cannot be relieved by any proper and reasonable exertion of the party seeking the aid of the courts.

"Husband and wife are bound to exercise greater efforts for removing misapprehension, allaying quarrels, smoothing the road to concord, and effecting reconciliation than are people in other relations of life. The marriage status is not a mere contract status, in which each of the parties may be justified in demanding the strict letter of the bond. It is a status wherein the law operates upon the weakness, as well as the strength, of human nature, and it will not be dissolved except for grave and substantial causes."

It is true that the evidence disclosed in this case that the plaintiff used vile and profane language in the presence of and to the defendant, but there is no evidence indicating that this injured the defendant's health, or in any way inconvenienced him. The evidence discloses that, as stated by the defendant, when it came to this kind of talk it was about fifty-fifty. Husbands should not use profanity in the presence of, toward, or in regard to their wives, if they do not expect the wife to have the same privilege, and a man accustomed to swearing at his wife, as the record shows in this case the defendant was, is not of such a sensitive and refined nature that a few curse words from his wife would injure his health. Under all the circumstances and proof in this case, the evidence is insufficient to sustain a divorce, either on the grounds of gross neglect of duty or extreme cruelty.

In the case of Smith v. Smith, 22 Kan. 490, Mr. Justice Brewer, Judge of the Supreme Court of Kansas, said:

"Marriage is a contract, and a relation which, if possible, should endure, and public policy requires that there be no straining of law or facts to end the contract and sever the relation. Time will heal many estrangements, and bring together those whom temporary feeling has alienated. And courts, having ever in view the public good, may often wisely use their discretion to give time and opportunity for reconciliation."

The evidence in the trial below disclosed that defendant, just prior to the birth of the last child of plaintiff and defendant, abandoned the plaintiff, traded his touring car for a roadster, and began keeping company with other women. The remedy of absolute divorce is an extraordinary remedy for evils which are unavoidable and unendurable, and which cannot be relieved by proper and reasonable exertion of the parties seeking the aid of the court. It is not right to relieve a husband of his solemn duty to support his wife and children, to cherish his wife in sickness and in health, and permit him to cast her off at any time he becomes dissatisfied or wishes to transfer his affections to others, as the record in this case indicates the defendant was doing.

Notwithstanding the trial court is given a wide discretion under and by virtue of section 505, C. O. S. 1921, a wide latitude in the

granting or denying divorce, we are of the opinion that findings and judgment of the learned trial judge in this case are clearly against the weight of the evidence, and defendant failed to prove either gross neglect of duty or extreme cruelty. Judgment of the trial court is therefore reversed, with directions to set aside the decree of absolute divorce granted defendant in error, and to enter judgment for plaintiff in error for separate support and maintenance for herself and minor children as to the court seems just and proper under all the facts and circumstances.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 19 C. J. p. 50, §89; 9 R. C. L. p. 334; 2 R C. L. Supp. p. 782; 5 R. C. L. Supp. p. 509; 6 R. C. L. Supp. p. 548. (2) 19 C. J. p. 69, §§132-135. (3) 19 C. J. p. 194, §479.