## STOVALL v. STOVALL.

No. 969. Opinion Filed June 27, 1911.

(116 Pac. 791.)

**DIVORCE—Appeal—Conflicting Evidence.** Where, in an action for divorce, on the ground of cruelty, the evidence is conflicting as to the facts and the fault, but there is sufficient to sustain the decree of the trial court, the same will not be disturbed on appeal in this court.

(Syllabus by the Court.)

·*Error from District Court, Comanche County; J. T. Johnson,*
*Judge.*

Action by Dora Stovall against A. J Stovall.    Decree for
plaintiff, and defendant brings error.   Affirmed.

*Stubblefield & Whalin,* for plaintiff in error.

*McElhoes & Ferris* and *W. H. Hussey,* for defendant in
error.

DUNN, J.   This case presents error from the district court
of Comanche county, and is an action for divorce brought by the
defendant in error, as plaintiff, against plaintiff in error.   As
grounds for relief, plaintiff alleges that the defendant was guilty
of extreme cruelty and neglect of duty.   To this petition de-
fendant filed answer, in substance a general denial.   A decree
was rendered by the court, granting to plaintiff a divorce, and
awarding to her the care, custody, and education of their child,
Amos, born of the marriage, and ordered defendant to pay plain-
tiff the sum of $100 alimony, payable in four quarterly payments,
and to pay the costs of the suit.   Notice of appeal was duly filed,
along with a motion for new trial, which latter was by the court
denied, and the case has been regularly brought to this court for
review.

A perusal of the evidence, as set forth by counsel for the
parties in their abstracts, discloses the usual elements entering into
the average divorce suit, based on charges of this character;
the wife testifying to a course of conduct and specific acts which
fill the measure demanded by the statute under the term "extreme
cruelty," while, on the other hand, the defendant either denies
or admits his conduct, but explains and attributes the same to
the fact that the wife always began the quarrels, and that he was
taunted and tantalized by her until he did what he did, and that
the results were her fault and bringing on, and that her remedy
was by amendment of her conduct, and not through an action for
divorce.   We cannot see that any good purpose can be served
by perpetuating in the reports of this court an account of the
domestic infelicities of this couple by setting out in detail and at

length all of the elements producing the unfortunate denouement of their married life. It suffices to say that the testimony of the wife and the witnesses which she produced, corroborating her, was believed by the trial court, and is such that its judgment will not be disturbed on appeal.

Actions, conduct, and appearances often speak louder than words in cases of this character. Often, if not always, the case must be decided on the conflicting evidence of the intensely interested parties, and in such cases their personal presence, appearance, and demeanor are of supreme importance, as these physical facts cannot be shaded to fit the occasion, and in such a situation poor, frail human nature is subjected to one of its severest tests. In a recent work, Moore on Facts, at section 1270, with copious citation of authorities from nearly every state in the Union, the author says:

"In no other litigation is the personal presence of the parties in court more important, or the weight and value of their appearance and demeanor more vital, than in divorce proceedings, especially where cruelty is the alleged ground of divorce, or in other cases where it is necessary to ascertain which spouse is wholly or partially responsible for domestic infelicities. The sufficiency of the evidence may depend to no inconsiderable extent upon the physical and mental strength of the parties, their condition of health, and other circumstances of that nature, of which little or nothing can be shown in the report of their testimony. Their tones of voice, their gestures, their meaning glances, their bearing toward each other, all of which are pertinent and often decisive factors in the mind of the court in passing upon the credibility and weight of their testimony, are wholly lost in the presentation of the case upon appeal."

The trial court accepted the version of the wife, in whose evidence there is sufficient to sustain the decree, and the finding, judgment, and decree of the court will not be disturbed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent and not participating.