## FAUGHN v. FAUGHN.

No. 15682—Opinion Filed Sept. 8, 1925.

**Divorce—Extreme Cruelty —Sufficiency of Evidence on Appeal.**

Where, in an action for divorce on the ground of extreme cruelty, the evidence is conflicting as to the facts and the fault, but there is sufficient evidence to sustain the judgment of the trial court, the same will not be disturbed in this court.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by John M. Faughn against Susanna M. Faughn. From judgment in favor of defendant, plaintiff brings error. Affirmed.

Gustave A. Erixon and Geo. C. Burke, for plaintiff in error.

Wright & Gill, for defendant in error.

Opinion by PINKHAM, C. John M. Faughn commenced this action in the district court of Oklahoma county against Susanna M. Faughn for a divorce upon the ground of extreme cruelty. The defendant answered by general denial. On the trial of the case the district court denied plaintiff a divorce. From the judgment the plaintiff has appealed.

For reversal of the judgment two questions are presented: First: "That the overwhelming weight of evidence in this case shows that the defendant has been guilty of extreme and repeated cruelty towards this plaintiff". Second: "That the judgment of the trial court is clearly in conflict with the great weight of evidence in this cause." These two propositions may be considered together.

It is well settled that in a divorce action, where the judgment of the trial court is clearly against the weight of the evidence, said judgment will be reversed on appeal. Stieber v. Stieber, 82 Okla. 205, 200 Pac. 141.

In Stovall v. Stovall, 29 Okla. 125, 116 Pac. 791, the court said in the syllabus:

"Where, in an action for divorce, on the ground of cruelty, the evidence is conflicting as to the facts and the fault, but there is sufficient to sustain the decree of the trial court, the same will not be disturbed on appeal to this court."

We deem it unnecessary to set out in detail the evidence as set forth in the briefs of the respective parties and as disclosed by the record, which we have carefully examined. It is sufficient to say that the plaintiff charges that the defendant frequently cursed him, calling him vile names, following him around, and accusing him of infidelity. The testimony of plaintiff in this respect was positively denied by the defendant and negatived by many of plaintiff's own witnesses. Aside from the testimony of the plaintiff, we are unable to discover any evidence tending to prove the charge of extreme cruelty made by the plaintiff against the defendant. The attitude of the defendant is shown by her statement while upon the witness stand, that she has always been willing to live with the plaintiff and be a wife to him.

Counsel for plaintiff cite in their brief the case of Clark v. Clark, 55 Okla. 67, 154 Pac. 1142, in support of the contention that the evidence discloses such acts on the part of defendant as constituted cruelty sufficient to entitle the plaintiff to a divorce. In the Clark Case, supra, it is stated in the opinion that "plaintiff testified that defendant frequently cursed her and struck her upon three different occasions and that he neglected her while she was sick," and that "if cursing and whipping one's wife do not constitute 'extreme cruelty', it is dif-

ficult to imagine the condition that would comply with the term."

There is nothing, even in the testimony of plaintiff, in the instant case that makes the case cited applicable to the present case.

It appears that the district court has had this case before it on two occasions and on each trial has denied the plaintiff relief. The learned trial judge has therefore had the opportunity of observing these parties and their witnesses and of viewing their conduct and demeanor while on the witness stand. The evidence of the wife, corroborated by the evidence of other witnesses, some of whom were witnesses for the plaintiff, was accepted by the trial judge.

Upon the whole case we think the evidence amply sufficient to sustain the judgment and the same will not be disturbed here.

We think the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 19 C. J. p. 193, § 479.