## McCURDY v. McCURDY.

No. 16487—Opinion Filed Dec. 7, 1926.

Rehearing Denied Feb. 22, 1927.

1. **Divorce—Appeal—Burden to Show Judgment Against Clear Weight of Evidence.**

A divorce case presents questions of purely equitable cognizance; and in such a case, to secure a reversal on appeal, the burden is upon the appealing party to make it ap-

pear that the findings and judgment are against the clear weight of the evidence.

## 2. Divorce—"Extreme Cruelty."

Extreme cruelty as a ground of divorce exists when the conduct of the offending spouse is such that the life or health of the complaining spouse is endangered, or when such conduct unjustifiably wounds the mental feelings or destroys the peace of mind in such a way as to seriously impair health or endanger the life of the complaining party, or is such as tends to utterly destroy the legitimate purposes and aims of the matrimonial state, although there may have been little or no actual physicial violence.

## 3. Same—Appeal—Sufficiency of Evidence.

Upon appeal in a divorce action, based upon the ground of extreme cruelty, it is not sufficient to secure a reversal to show merely that there is a conflict in the evidence as to the facts and fault. If there is sufficient evidence to sustain the judgment an affirmance will follow, notwithstanding the conflicting evidence.

## 4. Same—Decree Sustained.

Record examined, and held, to support the judgment.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Elizabeth Ann McCurdy. against Eneas James McCurdy, Jr. Judgment for plaintiff, and defendant appeals. Affirmed.

H. B. Martin, for plaintiff in error.

Leahy, McDonald & Files and Sands & Campbell, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the defendant, and the defendant in error was plaintiff below. These parties will be designated herein as plaintiff and defendant as they appeared in the trial court.

The plaintiff sued the defendant in the district court of Osage county, for divorce and for custody of their minor child, Mary Lou McCurdy, an infant daughter a little less than three years of age at the time of the trial. The plaintiff alleged two statutory grounds for divorce: Gross neglect of duty and extreme cruelty. The defendant demurred to plaintiff's petition, and after the demurrer was overruled, answered, putting in issue both grounds relied upon. Upon the trial the plaintiff abandoned the charge of gross neglect of duty, and offered no proof in support of the charge. The case

was tried to the court upon the ground of extreme cruelty. At the close of the evidence the court entered a decree for plaintiff, granting her a divorce and permanent custody of the young daughter. The defendant presents the case here for review.

The question of the sufficiency of plaintiff's petition upon her charge of extreme cruelty, raised by defendant's demurrer, seems to have been abandoned, since it is not argued in the brief. The only question argued in the brief of defendant is that of the sufficiency of the evidence to support the judgment of the trial court. The well-known rule in equity cases on appeal is, that the burden is upon the appealing party to make it appear that the judgment of the trial court is against the clear weight of the evidence.

This appeal presents here one of the tragedies of human life. A young man of fine family, standing upon the threshold of young manhood, with all the happy outlook of youthfulness, courted and married a young woman of fine family, fine personal attainments, exalted Christian spirit renowned in her community for loveliness and beauty and virtue. They were married on the 16th day of June, 1920. To them was born a lovely girl baby, on the 12th day of July, 1922. A withering blight crept into their home and destroyed the rainbow hues, and a dark storm cloud settled over them, shutting out the sunlight of their marital happiness, and a separation followed, in July, 1924. On the 12th day of November, 1924, the plaintiff filed her suit to cut asunder the marital ties that had bound them for the all too short space of a few years. Extreme cruelty is charged in the petition with particularity, and at considerable length, and every vestige of it is denied with as great particularity and at greater length. The two viewpoints presented in the pleadings are hopelessly conflicting. Upon the trial the evidence of the opposing parties was just as hopelessly conflicting.

The plaintiff seeks a divorce upon the ground that defendant's treatment of her has rendered living with him dangerous and destructive of her mental and physical well being. From her standpoint it would appear that living with defendant longer is unthinkable and unbearable, and destructive of her mental poise and physical health. The defendant seeks no divorce, and desires to defeat the plaintiff's action, with it in mind that if no divorce is granted they can be reconciled to each other and go on living as husband and wife, and give their delight-

ful offspring the benefit of a united parent-hood.

The evidence offered on the part of the plaintiff tends to prove that the defendant is a man possessed of an almost uncontrollable temper; and that soon after the marriage he began a course of bad treatment of plaintiff, greatly disturbing her peace of mind, and which preyed upon her physical health. She seems to have been reduced from a normal, healthy woman to a condition of almost nervous prostration and physical collapse, and became greatly reduced in weight and was almost constantly under medical treatment. The evidence offered tends strongly to show that defendant's treatment of her was largely, if not wholly, the cause of her changed condition. There is not much complaint of actual physical violence. A few instances are pointed out and complained of, not necessary to set out or comment upon here. It seems that the defendant had taken a violent dislike to the parents, particularly the father, of the plaintiff, and said, without any apparent justification, many unkind things to plaintiff about her father, and to her because she was the daughter of such a father as defendant conceived him to be. The plaintiff is very much attached to her father, and these matters were very distasteful to her and greatly disturbed her.

The effect of the evidence offered by the defendant is, in many respects, not so much a denial of the existence of the facts complained of, as an effort to explain them and minimize the effect of them, and make the impression that they were of no particular consequence and should not have been taken so seriously by plaintiff.

It is plain, however, that from the standpoint of plaintiff, she has made up her mind that living longer with defendant as his wife, is to her unbearable and intolerable. Upon the defendant's part it is made to appear that he still loves his wife, and is deeply attached to the young daughter, and is ready and willing to live with the plaintiff. It seems to be the common experience of human beings, that if there is to be marital happiness there must be mutuality of love and respect between the spouses. No real marital happiness can ever exist where either of the spouses is held by a distasteful and repugnant leash.

If a rule ever existed which required the spouse, complaining of extreme cruelty, to establish actual physical violence, when endangered life, limb or physical health or well being, such rule has become obsolete.

It seems to be sufficient to support a charge of extreme cruelty, if the evidence in support thereof tends to show that the treatment by the other spouse was such that the health or life of the complaining party was endangered, or the physical or mental well being seriously impaired or destroyed, or is such as tends to utterly destroy the legitimate purposes and aims of the matrimonial state; and such treatment may consist of abuse, neglect, or other bad conduct as well as by actual physical violence. This court gave effect to such a rule in Finnell v. Finnell, 113 Okla. 164, 240 Pac. 62.

The evidence presents an irreconcilable conflict, but the trial court found that the evidence offered by plaintiff supported her charge of extreme cruelty. After a careful examination of the record we are unable to say that such finding is against the clear weight of the evidence.

The decree places the young daughter in the custody of the mother; but provides that the father shall be permitted to see and visit with the child, and to have the child visit with him at all proper and reasonable times. Under all the circumstances presented the decree properly disposes of the case as to both the divorce and the custody of the minor child.

The judgment is affirmed.

By the Court: It is so ordered.