## WALKER v. WALKER.

No. 20223.  Opinion Filed Nov. 19, 1929.

Spiers & Bodovitz, for plaintiff in error.

Mark B. Ingle and Roy St. Lewis, for defendant in error.

CULLISON, J.  This case comes to this court on appeal from the district court of Oklahoma county, Okla.  Defendant in error, Mary Walker, was plaintiff in the lower court, and plaintiff in error, Robert S. Walker, was defendant in the lower court, and the parties will hereinafter be referred to as they appeared below.

This is an action for separate maintenance, brought by plaintiff, Mary Walker, against her husband, Robert S. Walker, defendant.  The grounds set out in plaintiff's amended petition and upon which her cause of action is based, are that the defendant had for some three months prior to the filing of said petition been guilty of extreme cruelty and neglect of duty toward said plaintiff; that defendant had from time to time been bestowing his affections upon another woman, and that plaintiff was without fault in the premises.  Plaintiff in her prayer for relief says:

"Wherefore, this plaintiff prays that she be granted alimony during the pendency of this cause, and upon the final hearing herein, she be granted such permanent alimony in the sum of $10,000, or such sum as the court deems just and equitable; that she be granted temporary attorney fees in the sum of $100, and upon the hearing in this cause, she be granted, in addition to her costs herein expended, an additional sum of $500 as attorney fees for prosecuting this action, and that she be granted 'such other and further relief as the court deems just and equitable in the premises."

The defendant in his answer to said petition denied all allegations therein contained, and alleged that prior to the filing of said petition a complete property settlement was made between said parties; that plaintiff had separate property of her own, adequate to care for her and keep her in luxury; and that the defendant had no money except such

as he earned from day to day, and asked that said relief sought by plaintiff be denied and that said plaintiff be decreed to have had a full and complete property settlement.

Plaintiff filed her reply to said answer denying all allegations therein contained except such as had been previously admitted in her petition.

This case was heard by the trial court, without a jury, on the amended petition of plaintiff, the defendant's answer thereto, and the reply of plaintiff and the issues thus joined.

The court found that plaintiff was wholly without fault in the premises and decreed that plaintiff recover of and from defendant as permanent alimony the sum of $150 per month for her separate maintenance as long as the marriage relation exists between plaintiff and defendant, or until such time as a reconciliation may be effected between them.

Motion for new trial was by said defendant properly filed and overruled, and from the order overruling said motion, defendant prosecutes this appeal.

Defendant sets out numerous assignments of error, but elects to consolidate and discuss the assignments under two propositions, namely:

(1) Alimony awarded a wife must be for a definite sum.

(2) The amount of alimony awarded is unfair and inequitable according to the circumstances of this particular case, and should be modified by this court.

As a matter for preliminary consideration, we observe that plaintiff files, in this court, her answer brief and motion to dismiss the appeal in the instant case. Said motion to dismiss this appeal is based on the ground that the brief of defendant does not contain an abstract or abridgment of the transcript as required by rule No. 26 of the rules of the Supreme Court of Oklahoma, which reads as follows:

"The brief of the plaintiff in error in all cases shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court. * * *"

While defendant's brief does not strictly adhere to the provisions of said rule, it is in substantial compliance therewith and abstracts such pleadings and proceedings embodied in the record as are necessary to a full understanding of the questions presented to this court for decision, and the motion to dismiss the appeal is therefore denied.

Considering now this appeal on its merits. Defendant contends:

1. "Alimony awarded a wife must be for a definite sum."

In the instant case the action is one for separate maintenance as provided for under our law.

The defendant contends that the alimony granted plaintiff is permanent alimony and bases this claim upon the allegations in plaintiff's petition, as follows:

"Wherefore, this plaintiff prays that she be granted alimony during the pendency of this cause and upon the final hearing herein, she be granted such permanent alimony in the sum of $10,000, or such sum as the court deems just and equitable.* * *"

It is true that plaintiff prayed for alimony in the sum of $10,000, but the court did not allow her permanent alimony in a lump sum. The court found:

"This is an action for separate maintenance. I don't think there is any question but that under the evidence the plaintiff is entitled to separate maintenance. * * * The question here is how much, under the conclusion that the court has reached—that she is entitled to separate maintenance—how much should the court allow her."

The court then decreed:

"That plaintiff should have and recover of and from defendant as permanent alimony the sum of $150 per month for her separate maintenance as long as the marriage relation exists between the plaintiff and defendant, or until such time as reconciliation may be effected between them. * * *"

It is true, as contended for by defendant, that it is well-settled law in this state, and many other jurisdictions, that in a divorce action, where the court grants a decree of divorce and allows the wife alimony, the court must fix a definite amount of alimony, and the decree may provide that the amount so fixed may be paid in installments.

In the case of Boulanger v. Boulanger, 127 Okla. 103, 260 Pac. 49, this court said:

"The principal argument is directed to the proposition that the decree is void, in so far as it attempts to fix alimony for defendant, for the reason that in awarding alimony, the

amount thereof must be definitely fixed, though it may be ordered paid in installments.

"It may be said the rule has been definitely fixed in this state, as contended for by plaintiff; that in cases where the decree provides for alimony to the wife at a certain sum per month, without fixing a definite amount ultimately to be paid, the decree is void as to the alimony."

But the above rule does not obtain and is not applicable in an action for separate maintenance.

In the case of McCaddin v. McCaddin, 116 Md. 567, which was an action for separate maintenance, the court said:

"This is an appeal from a decree allowing the appellee $7.50 per week as permanent alimony and also counsel fees. The bill does not pray for a divorce, but only for temporary alimony, pendente lite, permanent alimony and counsel fees."

In that case it was argued that the decree allowing the plaintiff the sum of $7.50 per week as permanent alimony was reversible error because it was not limited to any time or circumstance, but was practically a decree requiring the payment indefinitely, or, as said in the brief of appellant, "forever"— that it in effect prevented the parties from living together, "and puts a premium on the wife for holding out against her husband, and imposes a penalty on him which he cannot possibly stand up to."

The Maryland court, in commenting on this contention of appellant, said:

"It was said in Wallingsford v. Wallingsford, 6 H. & J. 485, a leading case in this state, and frequently referred to elsewhere, that 'alimony is a maintenance afforded to the wife, where the husband refuses to give it, or where from his improper conduct compels her to separate from him. It is not a portion of his real estate, to be assigned to her in fee simple, subject to her control, or to be sold at her pleasure, but a provision for her support, to continue during their joint lives, or so long as they live separate. Upon the death of either or upon their mutual consent to live together, it ceases.' When, therefore, this decree provided for the payment of so much a week as permanent alimony, it was subject to the limitations fixed by law, and could only continue during the joint lives of the husband and wife, while they live apart."

The court in the body of the McCaddin Case, supra, says:

"In 2 Am. & Eng. Ency. of Law (2nd Ed.) 135, the rule is thus stated: 'The amount of alimony allowed pendente lite, or the al-lowance made the wife as permanent alimony, upon a decree of divorce a mensa et thoro, may, when the circumstances justify it, be increased or diminished as the case demands. So, also, in the case of an allowance of alimony without divorce. But in case of a decree a vinculo, the award is absolute, and cannot be altered after the expiration of the term or the time in which a new trial may be had, unless in the decree the court reserves the right to do so, or unless the power to subsequently modify the decree is given expressly by statute.' See, also, 14 Cyc. 784; 1 Ency. of Pl. and Pr. 430. It is also said in 2 Am. & Eng. Ency. of Law, 139, that 'the allowance of alimony being, in its nature, a provision made by the husband for his wife's support, it necessarily ceases upon the death of either party, and unless expressly authorized by statute, a decree granting permanent alimony to continue during the natural life of the wife is erroneous'; and on page 140, it is said: 'In reason, if the wife returns to her husband after a divorce a mensa et thoro, and is reconciled to him, she cannot continue to have alimony."

The court in conclusion says:

"It seems, therefore, to be well settled that at least when a divorce a mensa et thoro is granted, or when there is an allowance of alimony without divorce, the decree can be modified as circumstances may require, subject, of course, to some well-established rules, and in this state alimony ceases upon the death of either party, or upon their living together. The decree granted must therefore be construed to be subject to those well-established limitations, although they are not in terms embodied in it."

The question of divorce was not involved in the case at bar, was not in issue, and was not passed upon by the trial court. This is a suit for separate maintenance and permanent alimony, and such actions are specifically authorized by our statute.

Section 514, C. O. S. 1921, provides:

"The wife or husband may obtain alimony from the other without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. Either may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the other in such action."

In the case of Williams v. Williams, 103 Okla. 194, 229 Pac. 797, this court, in construing the above provision of our statute, said:

"* * * While a suit for alimony under section 514, C. O. S. 1921, does somewhat

partake of the nature of an action for divorce, yet the two are essentially different. The one does not contemplate a termination of the marriage vows, but a continuation of the same, and is temporary and may be terminated at any time by reconciliation, or by voluntary discharge of duty by the offending party, while the other dissolves the marriage bonds, fixes the status of minor children of the marriage, and property rights, and, if the wife be the prevailing party and procures a divorce, will restore to her her maiden name if she so desires."

"It is not only the duty, but every husband is bound to maintain and support his wife when she has no means for her support independent of that of her husband, and independent of the alimony statute, she may enforce this duty either at common law or under sections 6605, 6606, and 6607, C. O. S. 1921, and when she lives apart from her husband and without fault, she may contract for necessities and have the same charged to his credit or account and for which he will be compelled to make compensation."

This same doctrine is announced in the case of Doggett v. Doggett, 85 Okla. 90, 203 Pac. 223, wherein this court held:

"Though the husband and wife may live separate and apart, the husband is not relieved of his obligation to support the latter as long as a marital relation exists and continues, unless it is the fault of the wife that they live separate and apart."

The authorities agree that in cases where alimony is incident to separation or limited divorce, a monthly award of alimony for the wife's separate maintenance as long as the marriage relation exists between the parties, or until such time as reconciliation may be effected between them, is proper.

In vol. 1 R. C. L. 932, the question as to the duration of alimony when awarded incident to separation or limited divorce, is discussed in the following language:

"In the case of such divorces, the separation is liable to end at any time by the reconciliation of the parties; and if no reconciliation took place the marriage continued to exist until it was dissolved by death. It is only while the wife is permitted to live apart from her husband during coverture, that she can claim or be entitled to the protection of the chancellor, or to alimony from the husband. Accordingly, whereever alimony is awarded in conjunction with a limited divorce or separation, it should be allowed only during the joint lives of the husband and wife, or until reconciliation and recohabitation."

The decree of the court in the instant case, above set out, recognized a condition which might be temporary in its duration; one that might end at any time, either by reconciliation of the parties or by the voluntary discharge of duty by the husband.

The authorities cited by defendant in his brief supporting his contention—that the court in awarding alimony must set a definite sum paid in gross or in installments—are all cases wherein alimony was awarded in divorce actions, and not suits for separate maintenance, and are, therefore, not applicable to the case at bar.

This is a suit for separate maintenance; the decree of the trial court simply affords the plaintiff means whereby, during the continuation of the neglect of her husband to discharge his marital duty, she, plaintiff, can be provided for.

Under the authorities cited above, we hold that the defendant's contention—that the alimony awarded plaintiff herein must be for a definite gross sum—is not well taken, and that the manner in which the trial court awarded alimony in this case is supported by ample authority.

2. The defendant's second contention is:

"The amount of alimony awarded is unfair and inequitable according to the circumstances of this particular case, and should be modified by this court."

The trial court in awarding the plaintiff herein $150 per month alimony, made the following finding and judgment:

"The court finds that the defendant is guilty of extreme cruelty towards the plaintiff as set forth in plaintiff's amended petition, and that the defendant, by his conduct, caused a separation between plaintiff and defendant, and that said parties are living separate and apart, and that said separation is on account of the fault of the defendant; that the defendant has failed and is failing to provide for the plaintiff, and that the plaintiff is entitled to permanent alimony for her support as long as the marriage relation exists between the plaintiff and the defendant."

"The court further finds that the defendant is an able-bodied man, is lucratively employed at a salary of $300 per month, together with a bonus which is now amounting to nearly $3,000 per annum, and is amply able to provide for the plaintiff, and that the plaintiff is entitled to be separately maintained by the defendant. The court further finds that a suitable provision for the maintenance and support of the plaintiff and to support her in a manner suitable to her station in life, is $150 per month as long as the marital relation between the plaintiff and defendant obtains. * * *" (C.-M. 256-7.)

We have reviewed the entire record in this case, and find that the evidence supports the above findings of the trial court.

The amount of alimony awarded is controlled by no fixed standard, but rests in the sound discretion of the court, and is not liable to be reviewed by an appellate court unless it clearly appears that the lower court abused its discretion. 1 R. C. L. 929.

Probably the most important element that enters into the determination of the amount of the allowance is the financial condition of the parties. Matters of further consideration are the social standing of the parties, their physical condition, and their conduct.

Thus, it has been held that, if the wife is free from blame, the allowance will be greater than if her conduct conduced to her husband's fault. 60 Am. Dec. 671, note.

The policy of the law has always been, and is, to do justice and to give to the injured wife what justice demands.

The amount of alimony awarded should be so apportioned as to secure to her the same social standing, comforts, and luxuries of life as she would probably have enjoyed but for the enforced separation.

Under the facts and circumstances in the instant case, we hold that the alimony awarded plaintiff was just and equitable, and, finding no abuse of discretion by the trial court in awarding the same, this court will not modify the alimony award.

The judgment of the trial court is affirmed.

MASON, C. J., and HUNT, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. CLARK, J., dissents. LESTER, V. C. J., absent.