### HORNOR v. HORNOR.

No. 19926.   Opinion Filed Sept. 8, 1931.

Rehearing Denied Oct. 13, 1931.

Warren K. Snyder, for plaintiff in error.

R. E. Wood, amicus curiae.

John Adams and Snyder, Owen & Lybrand, for defendant in error.

ANDREWS, J. This action was commenced by C. G. Hornor, defendant in error, who filed his petition in the district court of Logan county, praying for an absolute divorce from the plaintiff in error, Jessie A. Hornor. The parties hereinafter will be referred to as they appeared in the trial court. The plaintiff was granted an absolute divorce and the defendant was allowed no attorney's fees or maintenance and no property was set aside for her use and benefit.

It is impracticable in this opinion to comment at length on the evidence adduced at the trial of the cause. The record in this case consists of approximately 1,000 pages, the larger portion of which consists of evidence as to the relation existing between the parties and their acts prior to their marriage. About those matters this court is not concerned. It is necessary to comment thereon herein no further than to say that the parties to this action had ample opportunity to observe each other's habits, temperaments, and dispositions prior to their marriage. They were married on March 19, 1928, and they separated on April 28, 1928.

As grounds for a divorce the plaintiff alleged gross neglect of duty and extreme cruelty. "Extreme cruelty," as a ground for divorce, means everything that the words convey. It is more than indifference, neglect, or the speaking of immodest or harsh words. Marriage is a civil contract wherein the contracting parties assume voluntary relations and obligations. Courts are not warranted in destroying the marriage relation except for well-defined causes prescribed by statute. In Barker v. Barker, 25 Okla. 48, 105 Pac. 347, this court held:

"Husband and wife are bound to exercise greater efforts for removing misapprehension, allaying quarrels, smoothing the road to concord, and effecting reconciliation than are people in other relations of life. The marriage status is not a mere contract status in which each of the parties may be justified in demanding the strict letter of the bond. It is a status wherein the law operates upon the weakness, as well as the strength, of human nature, and it will not be dissolved except for grave and substantial causes"

—and:

"* * * To entitle a party to the remedy of divorcement on the ground of extreme cruelty, it is not enough that the grounds be the result of incompatibility of tastes or temperament or estrangement produced by differences of opinion and conduct growing out of the administration of household affairs, as these must be endured along with the other minor misfortunes of life. They are the things which under the law parties who marry take into consideration on entering matrimony, and divorce will not be granted on their account. The remedy of absolute divorce is an extraordinary remedy for evils which are unavoidable and unendurable, and which cannot be relieved by any proper and reasonable exertion of the party seeking the aid of the courts."

In Reed v. Reed, 119 Okla. 5, 246 Pac. 413, this court held:

"In an action for divorce, where the cause of action is predicated upon extreme cruelty, for conduct other than physical violence, it is not sufficient that there should simply be

danger that such conduct, operating through the mental faculties, may produce injury or bodily hurt to the physical system, but it must be shown that such in fact is the effect, or at least that such effect is to be reasonably apprehended as imminent as a result thereof. The remedy for absolute divorce is an extraordinary remedy for evils which are unavoidable and unendurable and which cannot be relieved by any proper or reasonable exertion by the parties seeking the aid of the court."

In the same case, this court, speaking of "gross neglect of duty" as a cause for divorce, held:

" 'Gross neglect' of duty, within the meaning of section 501, C. O. S. 1921, is such a glaring, shameful, or monstrous neglect of marital duties as to be obvious from the common understanding and inexcusable under all the relevant facts in the case."

The evidence in this case shows that, during the short period the marriage relation continued, there was some domestic friction or misunderstanding between the parties; that on a few occasions there was apparent indifference on the part of the defendant toward the plaintiff; that the defendant sometimes ate dinner before the plaintiff came home; and, on one occasion, that the defendant failed to meet the plaintiff for a noon hour luncheon engagement down town. The defendant contends that her conduct was in no sense caused by any disregard for the plaintiff or indifference on her part toward him. The only instance shown by the record wherein physical force was used was when the plaintiff assaulted the defendant. His defense thereto was that she called him names that displeased him. As to the amount of physical force then used by the plaintiff and the injury inflicted by the plaintiff upon the defendant, we are not concerned herein, for that evidence was against the plaintiff and not in his favor. The plaintiff accused the defendant of extravagance in dress, but the evidence shows that her manner of dress was not materially different from her manner of dress prior to the marriage with the plaintiff, of which he knew at the time of his marriage to her and the cost of which, for sometime, had been borne by him.

The record in this case shows that there was no proof of facts sufficient to warrant the trial court in granting the plaintiff a divorce from the defendant. The judgment of the trial court granting the plaintiff a divorce from the defendant is against the clear weight of the evidence, and for that reason this cause must be reversed.

The defendant in this case was entitled to defend herself from the attack made upon her in the action by the plaintiff, and for that purpose she was entitled to an attorney's fee and suit money, and she was entitled to maintenance pending the litigation. In view of the fact that she received certain sums of money from the rental of property belonging to the plaintiff, and in view of the fact that the present financial condition of the plaintiff is not shown by the record and may have changed since the trial of the action in the district court, we deem it advisable not to make an order herein, but to direct the district court of Logan county to make such orders as are necessary respecting the property of the plaintiff and the maintenance of the defendant as the evidence hereafter taken by the trial court shall justify.

The judgment of the district court of Logan county, Okla., is reversed, and the cause is remanded to that court, with directions to vacate its judgment and orders made therein, to deny the application of the plaintiff for a divorce from the defendant, to hear evidence as to the financial condition of the plaintiff, and to make such an order on the plaintiff for the separate maintenance of the defendant as the facts and circumstances will appear to that court from the evidence.

The costs of this action, including the costs in this court, are taxed to the plaintiff.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) 9 R. C. L. 336, 337.

Rehearing Denied Oct. 13, 1931.