## HORNOR v. HORNOR.

No. 24580. Oct. 31, 1933.

Ruby Turner-Looper, for plaintiff in error.

J. M. Springer, for defendant in error.

OSBORN, J. This is an appeal from the district court of Logan county by Jessie A. Hornor, hereinafter referred to as defendant, against C. G. Hornor, hereinafter referred to as plaintiff (as they appeared in the trial court), to review the action of the district court of said county in the allowance of certain sums of money to defendant as maintenance during the pendency of an action for divorce.

The parties were married on March 19, 1928, and separated on April 28, 1928. Said action was filed in the district court of Logan county on May 26, 1928. As grounds for divorce, plaintiff alleged gross neglect of duty and extreme cruelty. A hearing was had in the district court, before Honorable Charles C. Smith, district judge, and a divorce was granted plaintiff. The cause was appealed to this court and the judgment of the trial court reversed and the cause remanded with directions (Hornor v. Hornor, 151 Okla. 292, 3 P. [2d] 670). In the opinion by Justice Andrews, it was held that there was insufficient evidence to sustain the granting of a divorce, and the opinion concluded:

"The judgment of the district court of Logan county, Okla., is reversed, and the cause is remanded to that court, with directions to vacate its judgment and orders made therein, to deny the application of the plaintiff for a divorce from the defendant, to hear evidence as to the financial condition of the plaintiff, and to make such an order on the plaintiff for the separate maintenance of the defendant as the facts and circumstances will appear to that court from the evidence."

Thereafter the mandate of this court was spread of record and the cause proceeded to trial before the Honorable Freeman E. Miller, district judge, who proceeded to inquire into the financial status of the parties in order to make an award for maintenance of defendant during the pendency of the action, including the time required for the appeal to this court.

At the conclusion of said hearing, the trial court made extensive findings of fact, and, among other things, found that defendant had dismissed her petition for permanent separate maintenance as originally prayed in her answer and cross-petition originally filed therein, and the only question for determination was as to the amount defendant was entitled to recover for attorney's fees, suit money, and maintenance pending the litigation.

The court found that at the time of the separation of April 28, 1928, plaintiff owned property worth $98,500, which was incumbered in the sum of $15,000; that his gross income for the year 1928 was about $6,000; for the year 1929 about $5,000; diminishing each year until the year 1931, when it was wholly insufficient for the payment of his own living expenses, taxes, and interest upon obligations; that at the time of hearing his property was worth $86,050, and incumbered in the sum of $8,000; that during the period in which plaintiff and defendant lived together as husband and wife, the defendant carried on and persisted in great and undue extravagances and expenditures in the purchase of expensive and unnecessary furniture for the home and clothing for herself, thereby increasing the annual family expenditure to the rate of $15,000 per year, although the income of the plaintiff was $6,000 a year.

The court further found from the evidence that during the pendency of the action, defendant had earned $3,500, and also received $800 from two former husbands for the support of her minor children, and borrowed $350 upon an automobile given her by the plaintiff.

The court further found that, during the period of separation and prior to the date of hearing in the district court, defendant had incurred indebtedness in the sum of $2,903.50, and had received from plaintiff, after their separation, the sum of $2,260.43.

The court further found that, in June, 1928, while a restraining order was in full force and effect, the defendant, in violation thereof, took possession of a large portion of the furniture and household goods, which had been recently purchased by plaintiff at a cost of $2,509.27, and appropriated the same to her own use and benefit, and after allowing a depreciation of 20 per cent. there-

on, held that defendant was chargeable with the sum of $2,007.42, as the value of plaintiff's property so appropriated by her, and, in addition thereto, defendant appropriated other articles of household goods and equipment, which was the property of plaintiff, to the amount of $1,353.05, and deducting 50 per cent. of the value thereof for depreciation, held that defendant was chargeable with $667.53 on account thereof, or a total of $2,683.95 for all household goods, furniture, and equipment belonging to plaintiff and appropriated by defendant.

The court further found that plaintiff had paid the defendant during the pendency of the action, $1,648 as attorney fees, court costs, and expenses required in prosecuting her case.

The court further found that defendant was entitled to maintenance during the continuance of this action in the following sums and amounts:

"From April 28, 1928, the date of the separation to the 31st day of December, 1929, a period of 19 months, the sum of $200 per month, a total of _____ $3,800.00

"From January 1, 1930, to December 31, 1930, a period of 12 months, the sum of $175 per month or a total of _____ $2,100.00

"And from January 1, 1931, to March 23, 1932, a period of 15 months, the sum of $150 per month, or a total of _____ $2,250.00
_____
"Making a total of _____ $8,150.00."

The court concluded that defendant should be chargeable with the items of payment to her by plaintiff and the value of the property appropriated by her, making a total of $4,944.38, leaving a balance due her of $3,-205.62, which was the amount of the judgment rendered in favor of defendant against the plaintiff.

The court further found that defendant's attorney, Warren K. Snyder, who represented her during the litigation, had withdrawn from the case and that his fee had been paid by plaintiff, and that after his withdrawal the firm of Hall & Thompson was employed through a contractual arrangement with defendant to receive 33 1/3 per cent. of all sums of money recovered from plaintiff in this litigation, and in view of said contract, the court concluded it would be unnecessary, under the evidence, and not warranted by the facts to make further allowance for attorney fees to the defendant's attorneys.

The court further found that there was no evidence showing any necessity for suit money other than the suit money allowed by the court and paid. Whereupon the court rendered judgment in favor of the defendant against plaintiff in the sum of $3,205.62, from which judgment defendant has lodged this appeal. No cross-appeal was perfected by plaintiff.

There are but two propositions presented in defendant's' brief, the first being the error of the court in deducting from the amount adjudged to be due defendant the value of the household furniture and equipment appropriated by defendant, for the reason that said property belonged to defendant as a gift from plaintiff. Defendant cites no testimony from the record to bear out such contention, nor have we been able to discover any such testimony. The trial court, in effect, found that there had been no such gift, and such finding is supported by the evidence.

Defendant further contends that the trial court erred in refusing to allow attorney fee for her attorneys, citing Richard v. Richard, 142 Okla. 302, 286 P. 900; Albert v. Albert, 120 Okla. 172, 251 P. 476; Stott v. Scott, 122 Okla. 266, 254 P. 722; and 19 C. J. 237. Defendant also cites a statement by this court in the case of Hornor v. Hornor, supra, as follows:

"The defendant in this case was entitled to defend herself from the attack made upon her in the action by the plaintiff and for that purpose she is entitled to an attorney fee and suit money and she was entitled to maintenance pending the litigation."

It is apparent that it was the intention of this court that the defendant should have maintenance and such suit money as appeared to be necessary, plus attorney fees, and that said maintenance funds should not be charged with the attorney's fees. It does not appear that it was due to any fault of defendant that her first attorney, Warren K. Snyder, withdrew from the case, but his withdrawal required the retaining of other counsel. It then became necessary for defendant to contract away a part of the funds which were intended by this court to be used for her support and maintenance during the pendency of the action.

The testimony of C. E. Hall, one of the attorneys representing her at the last trial, was to the effect that he did have such contract. that her attorneys were to receive one-third of the recovery against plaintiff. Therefore, through no fault of defendant, in

order to be properly represented, it was necessary to charge said fees against the maintenance award, which was not contemplated in the former order of the court.

The order of the court requiring payment of attorney's fees to defendant's counsel is not based on any statutory provision. Defendant stands charged with many grievous offenses, not only against the marriage relation, but against her moral character. Plaintiff is able to employ skilled and able counsel and furnish remuneration to them which will justify the utmost of their time, attention, and skill in the preparation and presentation of his case. It would be manifestly unfair and contrary to every principle of our system of jurisprudence to deny her the right to counsel who are just as able and skilled, and who would be justified, by payment of adequate compensation, to devote themselves to preparing and presenting her cause. She is entitled to meet her adversary on common ground, and such right continues until this court has finally adjusted and adjudicated the issues between them. Regardless of where the fault lies, each party is entitled to present every issue involved and have his cause finally settled on the issue of fact and law. Neither should be forced to assume the hazard which often arises by incompetent management of a case, through the employment of unskilled attorneys, or the negligence of one who, because of an insufficient fee, does not feel justified in expending the effort and labor necessary to fully present said cause to the courts.

Defendant requests the allowance of a fee of $500, which appears to be reasonable, since the second hearing did not require the amount of labor in preparation and presentation as the first, and the final judgment of the district court should be modified to provide for payment of an attorney's fee of $500 by plaintiff to defendant's attorneys, said fee to be in full and in lieu of other compensation for their services in said cause, either paid or arranged to be paid under the contract hereinabove referred to.

The trial court found that there was no necessity for suit money, as no showing was made as to any necessary items of expense in this connection. Such finding is sustained by the evidence.

During the pendency of this action, certain sums have been allowed as attorney's fees and for maintenance. Said allowances have been taken into consideration, and it is the intention of the court to affirm said judgment without allowing credit for said sums on the original judgment.

The judgment of the trial court is modified to allow an attorney's fee in the sum of $500, and the cause affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.