## HORNOR v. HORNOR.

No. 24443.   Oct. 31, 1933.

Rehearing Denied Nov. 28, 1933.

Ruby Turner-Looper, for plaintiff in error.

J. M. Springer, for defendant in error.

OSBORN, J. This action was instituted in the district court of Logan county by C. G. Hornor against Jessie A. Hornor for divorce. A judgment was rendered granting a divorce to plaintiff and fixing the amount to be received by defendant as maintenance pending the action and denying recovery for suit money and attorney's fees, from which judgment and decree defendant has appealed. The parties will be referred to as they appeared in the trial court.

The parties were married on March 19, 1928, and separated on April 28, 1928. A previous action for divorce filed in the district court of Logan county, which resulted in a decree of divorce in favor of the plaintiff, C. G. Hornor, was previously reviewed by this court (Hornor v. Hornor, 151 Okla. 292, 3 P. [2d] 670). In that opinion, the decree granting a divorce was vacated and the cause remanded, with directions to fix the amount of defendant's recovery against plaintiff, which was to include maintenance

and support, suit money, and attorney's fees. From an order fixing said fees and maintenance, defendant, being dissatisfied with the amount fixed by the trial court, appealed to this court, the issue in said appeal being this day decided in the case of Hornor v. Hornor, No. 24580, 166 Okla. 100, 26 P. (2d) 409.

On March 29, 1932, plaintiff filed a second petition against defendant for divorce, issue was joined, another hearing was had, and resulted in a second decree in favor of plaintiff, with a provision for maintenance and support for defendant during the pendency of said action and a denial of permanent maintenance and support. From said judgment, this appeal is prosecuted by defendant.

Defendant interposed in the court below a plea of res judicata and argues herein that this action is merely a rehash of the issues of fact joined in the former case and previously reviewed by this court, citing Ford v. Ford, 25 Okla. 785, 108 P. 366. In this connection, we have reviewed the former record and find that much of the evidence introduced in this action was introduced in the former case; however, it will not be necessary to consider said evidence, and this discussion will be limited only to evidence pertaining to events which occurred subsequent to the trial of the former case in the district court of Logan county.

In the prior action, plaintiff relied upon the statutory grounds of neglect of duty and extreme cruelty. These grounds are reiterated in the second petition based upon acts subsequently occurring. Other grounds were alleged, which were decided adversely by the trial court, but the court awarded a decree to plaintiff on the grounds of extreme cruelty.

In both hearings by the district court, the court permitted a wide range in latitude as to the evidence introduced and made an exhaustive inquiry into the relations between the parties prior to and subsequent to the marriage, hence, the records are voluminous and a complete discussion of all the testimony would occupy unnecessary time and space and would serve no useful purpose in a determination of the issues involved herein. At the conclusion of the trial, the court made extensive findings of fact and conclusions of law, which we shall refrain from setting forth herein.

The evidence shows that during the month of June, 1928, defendant moved to California and returned to Oklahoma City during the month of January, 1930. Shortly thereafter, she began a course of conduct which the trial court found tended to bring shame and humiliation to the plaintiff and to cause him grief, worry, and mental suffering.

There appears to be some slight difference in the courts of the various jurisdictions as to the sufficiency of evidence necessary to sustain the charge of extreme cruelty. The policy of this court, however, is expressed in the case of Hildebrand v. Hildebrand, 41 Okla. 306, 137 P. 711, as follows:

"* * * The law at one time required proof of physical violence where extreme cruelty was relied upon as a ground for divorce; but the later and better considered cases have repudiated this doctrine, as taking too low and sensual a view of the marriage relation, and it is now very generally held that any unjustifiable conduct on the part of either spouse, which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health or endanger the life of the other, or such as utterly destroys the legitimate ends and objects of matrimony, constitutes extreme cruelty under the statute, although no physical or personal violence be inflicted or even threatened. (Beach v. Beach, 4 Okla. 359, 46 P. 514; Barker v. Barker, 25 Okla. 48, 105 P. 347, 26 L. R. A. (N. S.) 909; Lyon v. Lyon, 39 Okla. 111, 134 P. 650; Gibbs v. Gibbs, 18 Kan. 419; Carpenter v. Carpenter, 30 Kan. 712, 2 P. 122, 46 Am. Rep. 108; Avery v. Avery, 33 Kan. 1, 5 P. 418, 52 Am. Rep. 522; Masterman v. Masterman, 58 Kan. 748, 51 P. 277; Rowe v. Rowe, 84 Kan. 696, 115 P. 553."

In the case of Hink v. Hink, 131 Okla. 164, 268 P. 282, it is said:

"Physical violence is not a necessary element of extreme cruelty, as defined by the statutes as ground for divorce, but that cruelty which is contemplated is that conduct which renders cohabitation intolerable, which destroys the concord, the harmony and affection of the parties and utterly destroys the legitimate objects and aims of matrimony or unjustifiably wounds the mental feelings or so destroys the peace of mind as seriously to impair the health or endanger the life of the other."

In the case of Robertson v. Robertson, 73 Okla. 299, 176 P. 387, it is said:

"The conduct of either spouse which grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other as to seriously impair the bodily health, or such as utterly destroys the legitimate end of matrimony, constitutes extreme cruelty, within the meaning of section 4962, R. L. 1910 (sec. 665, O. S. 1931.)" 1931.)"

See, also, Lyon v. Lyon, 39 Okla. 111, 134 P. 650; McCurdy v. McCurdy, 123 Okla. 295, 253 P. 295; Finnell v. Finnell, 113 Okla. 164, 240 P. 62; and Morris v. Morris, 132 Okla. 291, 270 P. 833.

The rule is also well settled in this jurisdiction that an action for divorce is of equitable cognizance and the judgment of the trial court will not be set aside unless the same is clearly against the weight of the evidence. Finnell v. Finnell, supra. The burden of proof is on the appealing party to make it appear that the findings and judgment are against the clear weight of the evidence. McCurdy v. McCurdy, supra. See, also, Robertson v. Robertson, supra; Hink v. Hink, supra; and Morris v. Morris, supra.

In the instant case, it appears that at the time of the marriage in 1928, plaintiff was approximately 64 years of age and defendant was approximately 35 years of age. The trial court, by virtue of a closer relation to the parties, is in a better position than this court to judge as to the motive and character of the parties involved. The trial court found that the worry, grief, and distress brought upon plaintiff by his unfortunate venture into the field of matrimony had affected his nerves to the extent that he could not sleep and rest; had affected his appetite and nervous system to the extent that his health had become impaired and was subject to further impairment, which findings are not against the clear weight of the evidence. It is a known fact that mental and nervous strain may bring on more continuous and destructive suffering than the mere infliction of physical punishment. Mental and nervous strain occasionally lead to insanity and suicide. The courts have long recognized this principle. While the state has an interest in preserving the marriage relation to the extent that no divorce will be granted on trivial grounds, and the court has many times announced that the relation of husband and wife requires forbearance on either side, yet it recognizes that matrimonial mistakes are frequently made. and through the fault of one of the parties, the limit of forbearance is reached and life together becomes intolerable, and in such cases it is to the best interest of society, as well as the individuals involved, to release the obligations of matrimony. As heretofore stated, the record is voluminous, and in view of all the testimony properly admitted, it cannot be said that the conclusions of the trial court are against the clear weight of the evidence.

There is no assignment of error as to the fixing of maintenance and support by the trial court.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.