## STOCKER v. STOCKER.

No. 25951.   June 25, 1935.

Fred W. Green and A. V. Dinwiddie, for plaintiff in error.

Bierer & Bierer, for defendant in error.

PER CURIAM. To the wife's petition for separate maintenance the husband filed an answer, and an unverified cross-petition for divorce. The wife assigns as error the denial of her petition for separate maintenance and the granting of a divorce to the husband; grounds, extreme cruelty.

Failure to verify the cross-petition was not objected to in the trial court and is not assigned as error in this appeal. The lack of verification is not jurisdictional and failure to verify has been waived. Javine v. Javine (1929) 134 Okla. 283, 273 P. 267.

The wife and husband were 54 and 56 years old, respectively. They were married in 1900, and lived together until September, 1933. No children were born to them. The husband is a carpenter—competent, industrious, and of good personal habits and reputation. Early in the depression he lost practically all of his property, including his home, and since then has had little profitable employment. For several years following a serious operation performed some 18 years ago, the wife was practically an invalid, and apparently is still in poor health. The husband did the housework and washing, and the wife's mother, who lived next door, took care of the wife. About eight years ago the wife moved in with her parents so her mother could take care of her, while the husband continued to live in his own home for about a year and a half, and then joined the wife at her parents' home, agreeing to pay half the expenses, which he did

until the spring of 1933. The wife's mother did the cooking and mending for the husband and all the work. The husband testified that, in 1932, after the death of the wife's father, he suggested to the wife that they get a little house and reside by themselves, but that the wife said, "Mama hasn't got any furniture, but if you want to go, you can, but I am going to stay with mother as long as she lives." The wife denied this. The husband also testified that most of the time during the last 18 years he did not sleep in the same room with his wife, and that her flesh was so sore she could not bear the touch of his hand. The wife did not testify about this, but in her unverified reply to defendant's answer and cross-petition denied that she refused to live with the defendant as a wife when her health permitted. According to the wife, the cause of the marital difficulties was the husband's friendship for a widow who ran a boarding house where the husband ate lunch. The widow had a good reputation and several grown children. There was no evidence of improper relations. The husband testified that the wife's continual nagging and fussing "would bother me about sleeping" and "I worried a good deal". He also testified that he was ordered out of the house by the wife and her mother, and the last time he was so ordered out he immediately loaded up his car with most of his belongings, including a couple of shirts which he wrung out of the weekly wash— "I did the washing"—and left, and apparently did not return. The wife denied the nagging and fussing and that she or her mother had ordered the husband out. The husband testified there would be no possibility of a successful resumption of the marital relations. The wife's mother died after this suit was filed and the wife is one of five heirs to the mother's residence property, valued at $1,500.

Physical violence is not a necessary element of "extreme cruelty" under section 665, O. S. 1931, enumerating various causes or grounds for divorce. But is conduct or treatment which renders cohabitation intolerable, which destroys the concord, harmony, happiness, and affection of the parties, and the legitimate aims, objects, purposes, and end of matrimony, or grievously wounds the mental feelings or so destroys the peace of mind as seriously to impair the health or endanger the life of the other. Finnell v. Finnell (1925) 113 Okla. 164, 240 P. 62; McCurdy v. McCurdy (1926) 123 Okla. 295, 253 P. 295; Hink v. Hink (1928)

131 Okla. 164, 268 P. 282; Hornor v. Hornor (1933) 166 Okla. 103, 26 P. (2d) 929.

Where, in an action for divorce on the ground of extreme cruelty, the evidence is conflicting as to the facts and the fault, but there is sufficient evidence to sustain the judgment of the trial court, the same will not be disturbed on appeal. Stovall v. Stovall (1911) 29 Okla. 125, 116 P. 791; Faughn v. Faughn (1925) 111 Okla. 227, 239 P. 134; Bruce v. Bruce (1930) 141 Okla. 160, 285 P. 30; Bussey v. Bussey (1931) 148 Okla. 10, 296 P. 401. The appellant has the burden of showing that the judgment is against the clear weight of the evidence. McCurdy v. McCurdy, supra; Hornor v. Hornor, supra.

It cannot be said that the judgment of the trial court granting the husband a divorce is against the clear weight of the evidence.

If the conduct of the wife entitled the husband to a divorce, then the trial court did not err in denying her petition for separate maintenance. 30 C. J. p. 1076, par. 871. See, also, Doggett v. Doggett (1922) 85 Okla. 90, 203 P. 223, and Walker v. Walker (1929) 140 Okla. 1, 282 P. 361.

Remarks or comments of the trial judge during the course of the trial, which, it is claimed, indicate bias and prejudice, not excepted to at the time, or assigned as error in the motion for new trial, cannot be objected to for the first time in the appellate court. Drumm-Flato Commission Co. v. Edmisson (1906) 17 Okla. 344, 87 P. 311, judgment affirmed (1908) 28 S. Ct. 367, 208 U. S. 534, 52 L. Ed. 606; Gast v. Barnes (1914) 44 Okla. 107, 143 P. 856.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. P. Hannigan, R. A. Hockensmith, and E. J. Gilder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hannigan and approved by Mr. Hockensmith and Mr. Gilder, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.