## BALDRIDGE v. ZIGLER.

No. 13711—Opinion Filed Oct. 14, 1924.

1. **Appeal and Error—Harmless Error—Exclusion of Expert Testimony on Mental Capacity.**

It is error to sustain an objection to the introduction of evidence as to the mental condition of a man, whether rational or irrational, of sound or unsound mind, where the witness is shown to be a licensed practicing physician, upon the ground that the witness has not shown himself qualified, but where the testimony is merely cumulative in its nature, it is not necessarily reversible error.

2. **Appeal and Error—Review of Equity Case—Findings—Conclusiveness.**

In an equitable action the findings of the trial court should be sustained unless it appears that his findings are clearly against the weight of the evidence. The findings of the trial court should be strongly persuasive, and should not be set aside unless this court can say in equity and in good faith that the conclusion reached by the trial court is clearly against the weight of the evidence.

3. **Deeds—Mental Competency of Grantor—Burden of Proof.**

A devisee or heir has the burden of proving that his ancestor, in deeding his property while on his death bed, was not physically or mentally capable.

4. **Husband and Wife—Conveyance or Gift to Wife—Presumption of Validity.**

A husband has the right to convey land

to his wife or to have it conveyed to her, either as a gift outright, * * * or in payment of a debt owing to her. * * * and in the absence of fraud or interests of creditors, the presumption of law is in favor of such a conveyance.

## 5. Judgment Sustained.

The record examined, and held sufficient to sustain the judgment of the trial court.

(Syllabus by Jones, C.)

Commissioners' .Opinion, Division No. 3.

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by Anna B. Baldridge against Stella Zigler. Judgment for defendant, and plaintiff brings error. Affirmed.

C. D. Bennett, for plaintiff in error.

Geo. L. Zink, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Kiowa county, Okla., by the appellant, Anna B. Baldridge, against appellee, Stella Zigler, to set aside and cancel a certain deed of conveyance executed by James Zigler to Stella Zigler, conveying a certain tract of land situated in Kiowa county, Okla.

The facts as disclosed by the record show that the plaintiff, Anna B. Baldridge, is a daughter of James Zigler, deceased, and Sarah E. Zigler, deceased, a former wife of the said James Zigler; that in. about 1900, the said James Zigler was divorced from his former wife, mother of Anna B. Baldridge. who was then about 17 years of age, and that the said James Zigler, joined by his first wife, Sarah E. Zigler, conveyed at that time to the said Anna B. Baldridge an 80 acre tract of land situated in the state of Iowa. James Zigler moved to Oklahoma Territory, and in 1901, purchased a relinquishment from the original homesteader to the tract of land in controversy, and afterwards acquired title from the government to the same. Shortly after the purchase of the relinquishment, James Zigler married Stella Zigler, the appellee herein, to which union one child was born, James Zigler, Jr.,; and they continued to live together on said land until the death of James Zigler in 1921. About April, 11. 1921, James Zigler was stricken with paralysis, and on the 17th day of April, 1921, he executed a deed conveying the land upon which they lived, and practically all the property owned by the said James Zigler, to his wife, Stella Zigler, and on the 23rd day of April, 1921, the said James Zigler died.

The plaintiff, Anna B. Baldridge alleges that the deed was procured by fraud and undue influence on the part of Stella Zigler that the said James Zigler was mentally incompetent to act for himself at the time he executed the deed, and prays judgment that same be cancelled and held for naught. The cause was submitted to the court without the intervention of a jury, and the court rendered judgment in favor of defendant and against the plaintiff, upholding the validity of the deed, from which judgment the plaintiff duly appeals and sets forth and urges the following assignments of error:

First, that the court admitted certain incompetent evidence over the objections of the plaintiff, and refused certain competent evidence over the objections and exceptions of the plaintiff. Second, that the judgment rendered was against the weight of the testimony. The first assignment is based on an alleged error of the court in sustaining an objection to the following questions propounded by plaintiff to the witness, Dr. Preston:

"Q. During your visits to James Zigler and your talk with him and examination of him was he of rational and sound mind?"

Counsel for defendant objected to same for the reason that the witness has not shown himself qualified, which objection was sustained by the court. We are inclined to the opinion that the court committed error in sustaining the objection upon the grounds made, because the evidence shows that the witness, Preston, was a licensed practicing physician, and had been for a number of years. and while he did not qualify as an expert on mental and nervous diseases, we think his qualification as a general practitioner would be sufficient to authorize him to express an opinion. However, we do not regard the error of sufficient consequence in this case to constitute reversible error for the reason that it is merely cumulative. as several experts and other attending physicians were placed on the stand and gave testimony on this point, and furthermore, the witness Preston, was permitted to testify as to the condition of the patient, James Zigler, deceased, at the time of his visits, and there are many authorities which hold that evidence of the character objected to is not competent.

In the case of Coblentz v. Putifer (Kan.) 125 Pac. 30, on p. 32 thereof, the court quotes extensively from Wigmore on Evidence, section 1921, as follows:

"By all courts a mere abstract statement that a person was or was not capable of making a will or a contract or deed seems to be held improper."

And in view of this authority and the other reasons given, we do not regard the error sufficient to constitute reversible error.

The second assignment of error raises the question of the sufficiency of the evidence, from an examination of which we find to be conflicting on the main question as to whether or not James Zigler, deceased, was capable of transacting business, such as the execution of a deed to his property at the time the deed was executed. A number of physicians and witnesses who were present during his sickness were of the opinion that he was not mentally capable of transacting his business, such as the execution of the deed, while an equal number of witnesses, some of whom were attending physicians, and a trained nurse in attendance, seem to be of the opinion that he was mentally capable. None of the witnesses recite any incident or conduct on the part of James Zigler during his last illness, which throws any special light on the question. He seems to have been suffering from what is termed a cerebral hemorrhage, which resulted in or produced paralysis of his entire right side. This presents a mixed question of law and fact largely dependent upon and determined by the facts in the case, and this court has repeatedly announced the rule:

"That in an equitable action the findings of the trial court should be sustained unless it appears that his findings are clearly against the weight of the evidence."

"The findings of the trial court should be strongly persuasive, and should not be set aside unless this court can say in equity and in good conscience, that the conclusion reached by the trial court is clearly against the weight of the evidence." See case o- Speaks et al. v. Speakes et al., 98 Okla. 57, 224 Pac. 533; Parks v. Roach, 88 Okla. 19, 210 Pac. 402: Bernard v. McRay, 89 Okla. 1. 213 Pac. 82.

Appellee calls attention to the following authorities: Truitt v. Truitt (Wash.) 171 Pac. 532, wherein that court announced the following rule:

"A devisee or heir has the burden of proving that his ancestor, in deeding his property while on his death bed, was not physically or mentally competent."

This we take to be the general rule, and in the absence of some special reason or exceptions, should apply in cases of this character, and our attention is directed to the case of Kent et al. v. Tallent et al., 75 Okla. 185, 183 Pac. 422, wherein this court held:

"A husband has the right to convey land to his wife or to have it conveyed to her.

either as a gift outright, * * * or in payment of a debt owed to her, * * * and in the absence of fraud or interests of creditors, the presumption of law is in favor of such conveyance."

These rules give the appellee the benefit of the presumption in favor of the judgment of the trial court. He had an opportunity to see and hear the witness and is far more capable of correctly judging the testimony of the witness than this court is from the record; and cast the burden upon the defendant to prove her allegations of mental incapacity, and the legal presumption in favor of such conveyance, as we are here confronted with, we think is sufficient to justify this court in affirming the judgment of the lower court.

The action of the deceased, James Zigler, in conveying his property to his wife, Stella Zigler, in view of the fact that they had one minor child and that the appellant, Anna B. Baldridge, had received a goodly portion of the estate of the said James Zigler accumulated during coverture with his former wife and mother of the appellant herein, we think clearly justifies his action, and would indicate that such action on the part of James Zigler would be the natural inclination of the average normal man, and the evidence disclosed by the testimony of one witness was to the effect that sometime prior to his death the said James Zigler had expressed himself as desiring to convey the property in question to his wife, Stella Zigler. There is a total lack of evidence as to fraud or duress, and while as stated in the beginning, the evidence is conflicting, we think that the facts to which we have called special attention justify the judgment of the trial court, and finding no material error in the record, we therefore recommend that the case be affirmed.

By the Court: It is so ordered.