Melba MANHART, Appellant,

v.

Peter A. MANHART, Appellee.

No. 59444.

Supreme Court of Oklahoma.

April 2, 1986.

Rehearing Denied Sept. 29, 1986.

Sam P. Daniel, Doerner, Stewart, Saunders, Daniel & Anderson, Tulsa, for appellant.

Jack R. Givens, James E. Weger, Jones, Givens, Gotcher, Doyle, & Bogan, Inc. Tulsa, and Harvey L. Chaffin, Tahlequah, for appellee.

DOOLIN, Vice Chief Justice.

This case involves the appeal of a judgment granting a divorce to both Peter A. Manhart (husband) and Melba D. Manhart (wife).

There are numerous assignments of error in this case; covering the grounds for divorce, the award of primary custody of the couple's two, minor children and the division of property. Each aspect of the divorce has been sharply contested.

The transcript from the trial court runs over 1,900 pages and there are hundreds of exhibits. It would be impossible to summarize all the facts, but as each issue is addressed, those facts which are relevant to our decision will be discussed.

### I.

In her petition for divorce, Wife alleged that Husband had "for a period of many months been guilty of extreme mental and physical cruelty, and that a state of complete and unreconcilable incompatibility [had] arisen between the parties." The Wife prayed for a divorce on both grounds, while Husband asked for a divorce only on the grounds of incompatibility. After considering all relevant evidence, the trial court declined to grant the Wife a divorce on the grounds of "extreme mental or physical cruelty," and instead granted both parties a divorce on the grounds of incompatibility.

An action for divorce, alimony or division of property is one of equitable cognizance, and the trial court's judgment will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. *Peters v. Peters*, 539 P.2d 26 (Okl. 1975); *Creech v. Creech*, 292 P.2d 376 (Okl. 1956); *Tschauner v. Tschauner*, 206 Okl. 586, 245 P.2d 448 (1952). The burden of showing that the judgment is against the clear weight of the evidence is on the appellant. *Stocker v. Stocker*, 173 Okl. 64, 47 P.2d 107 (1935); *Hornor v. Hornor*, 166 Okl. 103, 26 P.2d 929 (1933); *McCurdy v. McCurdy*, 123 Okl. 295, 253 P. 295 (1926).

■ Title 12 O.S. 1981, § 1271 authorized the district court to grant divorces on the ground of "extreme cruelty." This Court, in its syllabus to *Hornor v. Hornor*, supra, described the elements of the cause of action as follows:

" 'Extreme cruelty', as between husband and wife, exists when the conduct of the husband or wife is such that the life or health of the other may be endangered, or when such conduct unjustifiably wounds the mental feelings or so destroys the peace of mind as seriously to impair the health or endanger the life of the other, or is such as utterly destroys the legitimate objectives and aims of matrimony."

*See also, Murphy v. Murphy*, 276 P.2d 920 (Okl. 1954); *Stephenson v. Stephenson*, 196 Okl. 623, 167 P.2d 63 (1945). Conduct which will entitle a party to a divorce on the rounds of "extreme cruelty" may be either of a physical, *(Stout v. Stout*, 182 Okl. 490, 78 P.2d 665 (1938)), or mental nature *(Murphy v. Murphy*, 276 P.2d 920 (Okl. 1954)).

In the instant case, Wife alleged that Husband verbally abused her by demeaning and derrogating her age and appearance. Husband admits that he struck Wife prior to a reconciliation of the parties in December, 1978, but alleges severe provocation and physical violence by Wife. Wife alleges, and Husband denies, an additional beating with a belt on the evening of May 7, 1980. *Cf. Clark v. Clark*, 55 Okl. 67, 154 P. 1142 (1916).

■ In the case before us, there was conflicting testimony over the alleged belt beating. The trial court, which had the opportunity to observe the demeanor and hear the testimony of the witnesses, expressed doubts concerning the credibility of Wife's testimony on alleged incidents of physical and mental cruelty. The trial court, upon weighing the evidence, found that its "quality" did not warrant the granting of a divorce to Wife on the grounds of extreme physical or mental cruelty.

■ Where the evidence in action for divorce on the grounds of extreme cruelty is conflicting as to facts and fault, as in the instant case, and the trial court's judgment is not against the weight of the evidence, it will not be disturbed on appeal. *Collins v. Collins*, 182 Okl. 246, 77 P.2d 74 (1938); *Stocker v. Stocker*, 173 Okl. 64, 47 P.2d 107 (1935); *Bruce v. Bruce*, 141 Okl. 160, 285 P. 30 (1930). The record shows a clear dispute over the facts which would form the foundation for a divorce decree on the basis of extreme cruelty. We cannot say that the trial court erred in refusing to grant Wife's request for a divorce on the basis of extreme mental or physical cruelty. There was ample evidence that each of the parties was entitled to the Court's judgment of a divorce on the grounds of incompatibility.

## II.

The single most important issues to be addressed by this Court, in the immediate case, is the issue of primary custody of the Manhart children.

During the pendency of the appeal of the district court's order concerning the primary custody of the Manhart children, the statutory guidelines for awarding child custody—contained in 30 O.S. § 11 (the "tender years doctrine")—were repealed and replaced by 12 O.S. § 1275.4(A), which states:

A. In awarding the custody of a minor unmarried child or in appointing a general guardian for said child, the court shall consider what appears to be in the best interest of the physical and mental and moral welfare of the child.

■ For the purpose of this appeal, the Court adopts the statutory guidelines of 12 O.S. § 1275.4 (A), for guidance in determining the custody of the Manhart children. In fixing the primary custody of a minor child in a divorce action, the best interest of the child must be the paramount concern of the court. *Frankovich v. Frankovich*, 459 P.2d 583 (Okl.1969); *Duncan v. Duncan*, 449 P.2d 267 (Okl.1969); *Lynn v. Lynn*, 443 P.2d 106 (Okl.1968); *Waller v. Waller*, 439 P.2d 952 (Okl.1968).

■ If the trial court's judgment, awarding primary custody, is not against the clear weight of the evidence concerning the best interests of the children, it will not be grounds for reversal. *Gamble v. Gamble*, 477 P.2d 383 (Okl. 1970); *Ness v. Ness*, 357 P.2d 973 (Okl.1960). See also, *Perry v. Perry*, 408 P.2d 285 (Okl.1965).

In *Perry*, we said there is a good reason for the existence of this rule. The trial court confronted with the parties themselves and the witnesses. It is better able to determine a controverted issue of fact than is this Court, which of necessity, is only permitted to consider the dry, printed words in the record. *See also, Boyle v. Boyle*, 615 P.2d 301 (Okl. 1980). In commenting on the evidence and witnesses, who testified on the custody issue in this case, the trial court noted that they were all "credible and believeable" witnesses.

■ When we make application of the rule that a trial court is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor, we conclude the children's best interest in the case at hand was served by awarding custody to the Husband.

■ We conclude that the judgment of the trial court is not against the clear weight of the evidence as to custody. The trial court has satisfactorily and properly considered the best interests of the children in fixing custody.

## III.

The remaining assignments of error concern the trial court's order dividing marital property between Husband and Wife.

The parties in this case conducted many business transactions between themselves during the course of their marriage. The final transaction between the parties, occurring after their final separation, presents the central issue in the division of the marital estate.

On June 6, 1980, Wife conveyed to Husband certain oil interests (Iuka–Carmi) and common stock in Hathaway Industries. The property was jointly acquired during the marriage and would have been subject to equitable division between the parties had the transactions of June 6, 1980 not occurred. 12 O.S. 1981, § 1278.

The transaction raises two issues—one of law and one of fact. They are:

1. Whether an inter-spousal conveyance of property, authorized under 32 O.S. §§ 5 and 6, can remove the property from consideration as jointly acquired property for purposes of equitable division under § 1278; and

2. Whether the trial court's decision that the June 6, 1980 transaction was bona fide—free from fraud, undue influence and coercion—thereby making the properties in question the separate property of the Husband and not subject to equitable division under § 1278 is not against the weight of the evidence so as to constitute an abuse of judicial discretion.

We answer both issues in the affirmative.

During the marriage, Husband and Wife invested in the Iuka–Carmi oil properties and Hathaway Industries. Both investments were business ventures of Husband's family. Funds for the investments came from Wife's personal resources and jointly acquired credit. As the marriage began to unravel, Wife desired to straighten out certain joint business affairs concerning income taxes, the Iuka-Carmi properties and Hathaway Industries.

Wife expressed a desire to no longer be involved in Husband's family business affairs and instigated negotiations for the repayment of funds advanced for payment of Husband's share of their 1979 income taxes and the sale of her interest in the Iuka-Carmi properties and Hathaway Industries stock to Husband. Wife set the sale price for the assets at the amount of her investment, expressing a desire not to profit from participation in the Manhart family business.

After negotiations, the parties mutually agreed to have Husband's family attorney draw up papers to reflect a sale of the assets to Husband. The documents were explained to Wife during a forty-five minute conference with Attorney and after a careful reading, wife requested that certain changes be made. Wife testified that she knew she was conveying her interest in the Iuka-Carmi properties and Hathaway Industries stock to Husband.

Wife is not unfamiliar with the potential impact of business transactions. She is an astute business woman; managing a separate estate, taking an active role in the operations of several banks and was heavily involved in Husband's business affairs.

At common-law, Husband and Wife could not have contracted to convey Wife's interest in the Iuka-Carmi oil properties and Hathaway Industries stock to Husband. *See generally, Hamilton v. Hamilton,* 255 Ala. 284, 51 So.2d 13 (1951); *O'Reilly v. Kluender,* 193 Mo. 576, 91 S.W. 1033 (1906).

Oklahoma has statutorily modified the common-law rule in 32 O.S. § 5, which provides:

"Either husband or wife *may enter into any engagement or transaction with the other,* or any person, *respecting property* which either might, if unmarried, *subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each*

*other as defined by the title on trusts."* [emphasis added].

and in 32 O.S. § 6, which provides:

*"A husband and wife cannot by any contract with each other, alter their legal relations, except as to property,* and except that they may agree in writing to an immediate separation, and may make provision for support of either of them and their children during such separation."* [emphasis added].

█ Wife's counsel argues that the exclusive purpose of 32 O.S. §§ 5 and 6 was to enable wives to deal with third parties free of interference of their husbands. The argument ignores the clear text of the statutes which also allows spouses to contract with each other and alter their legal relations as to property.

█ It is well settled in Oklahoma, that one spouse may convey a property interest to the other spouse. *Barnes v. Morris,* 105 Okl. 17, 231 P. 466 (1925); *Baldridge v. Zigler,* 103 Okl. 219, 229 P. 831 (1924); *Yates v. Yates,* 93 Okl. 94, 219 P. 705 (1923); *Kent v. Tallent,* 75 Okl. 185, 183 P. 422 (1919). Additionally, the text of 32 O.S. § 5, allows the alteration of spousal relations concerning property—*i.e.* removal of jointly acquired property subject to equitable division under 12 O.S. § 1278, from the marital estate. *See, Murphy v. McElroy,* 185 Okl. 388, 92 P.2d 369, 371 (1939). In any agreement affecting the property rights between spouses, there is a relation of special confidence and trust, requiring that the dealings with each other be conducted in utmost good faith and frankness. Where one spouse, through coercion or fraudulent transactions, gains an unjust advantage, the courts will set aside the agreement. *Mann v. Mann,* 135 Okl. 211, 275 P. 348 (1929); *Wooden v. Wooden,* 113 Okl. 81, 239 P. 231 (1925). The trial court may approve such an agreement, including one which will remove the property from the marital estate, if it is just and equitable, and include it in its judgment in awarding property in a divorce. *Seelig v. Seelig,* 460 P.2d 433 (1969). In determining whether an agreement is just, reasonable,

and free of taint, the court must look beyond the terms of the agreement and consider the relationship of the parties at the time it is made, their ages, health, financial conditions, opportunities, and the contribution of each to the joint estate, *Seelig v. Seelig, supra; Limb v. Limb,* 195 Okl. 249, 156 P.2d 1013 (1945); *Wheeler v. Wheeler,* 167 Okl. 598, 32 P.2d 305 (1934).

The decision of the trial court, that the June 6, 1980 transaction was a bona fide conveyance of property to Husband, will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. *See generally, Peters v. Peters,* 539 P.2d 26 (Okl.1975); *Seelig v. Seelig, supra; Limb v. Limb,* 195 Okl. 249, 156 P.2d 1013 (1945); *Wheeler v. Wheeler,* 167 Okl. 598, 32 P.2d 305 (1934).

The decision of the trial court, that the June 6, 1980 transaction was a bona fide conveyance of property to Husband, will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. *See generally, Peters v. Peters,* 539 P.2d 26 (Okl.1975); *Seelig v. Seelig, supra.*

In the instant case, Wife set the cost of the transaction. Wife also knew or should have known of the "market value" of the assets and interests sold. She was a competent business woman who carefully reviewed the documents of this transaction. At the time of the transaction, Wife was aware that reconciliation was impossible.

The trial court's conclusion that the conveyance is bona fide is not clearly contrary to the weight of the evidence.

Wife correctly asserts that the mere vesting of complete title in Husband does not remove property from the ambit of § 1278. The statute provides in pertinent part:

"As to such property, real or personal, which has been acquired by the parties jointly during their marriage, *whether title thereto be in either or both parties,* the court shall make such division between the parties as may appear just and reasonable by the division of the proper-

ty in kind, or by the setting of the same apart to one of the parties and requiring the other thereof to pay such sum as may be just and proper to affect a just and fair division thereof. [emphasis added].

■ This section has been interpreted to mean that any "jointly acquired property", regardless of how title is held, may be properly divided by the trial court. *Spencer v. Spencer*, 199 Okl. 133, 184 P.2d 761 (1947); *Tobin v. Tobin*, 89 Okl. 12, 213 P. 884 (1923). Additionally there is a presumption that property acquired during coverture is property acquired by the joint efforts of husband and wife. However, the presumption is prima facie only and may be overcome by the evidence in the case. *Perdue v. Hartman*, 408 P.2d 293 (Okl.1965).

In reviewing those cases in which property was transferred from one spouse to another pursuant to 32 O.S. 1981, § 5, we find no case in which we did not hold that the property was jointly acquired. However, these cases are clearly distinguishable from the case at bar; in each the spouses continued marital relations for a significant period after the transfer. *See, Heirs of Payne v. Seay*, 478 P.2d 889, 896 (Okl. 1970); *Sango v. Sango*, 105 Okl. 166, 232 P. 49 (1924).

■ It is our belief that the better-reasoned rule is that 32 O.S. 1981, §§ 5 and 6, in allowing a spouse to convey his or her interest in property to the other and alter the legal relationship as to property, can remove jointly acquired property from the marital estate. Whether the property remains the separate property of the spouse to whom it was conveyed, depends on how the spouses treat the property. If they jointly use and manage the property, then it may be considered "jointly acquired." *See, Hardin v. Hardin*, 182 Okl. 229, 77 P.2d 721 (1938). The controlling facts in such cases are the time of the conveyance in relation to the separation of the spouses, and the completeness of their separation, especially in regard to their dealings concerning the conveyed property.

The remaining issue concerns the division of the property not covered by the June 6, 1980 transaction. The threshold issue concerns the appropriate statutory standard to be applied in the division of property.

Husband correctly states that both parties were equally at fault in causing the dissolution of their marriage, thereby justifying a divorce on the grounds of incompatibility. Because both parties were equally at fault, Husband asserts that 12 O.S. § 1275 is the applicable statutory provision for the division of property, to the exclusion of § 1278. In *McCoy v. McCoy*, 429 P.2d 999 (Okl.1967) we held that § 1278 was inapplicable in cases where a divorce is granted to both parties who are equally wrong. However, we further held that § 1278 would provide some guidance in property divisions under § 1275.

■ We now believe our holding in *McCoy* to be no longer applicable. In 1967, when our decision in *McCoy* was rendered, § 1278 applied to those cases where divorce was granted by "reason of the fault or aggression of the husband." Since that decision, § 1278 has twice been amended. Both amendments evidence continuing legislative intent to have § 1278 apply to the disposition of property of all divorce cases, without regard to fault.

Title 12 O.S. 1981, § 1275 merely authorizes the grant of a divorce *when both parties are equally at fault* and empowers the district court to enter one other for the "control and equitable division and disposition of the property of the parties, or either of them, as may be property, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties." However, we hold that the appropriate statutory standard for the division of property in all divorce cases, irrespective of fault, is contained in § 1278.

■ In making an equitable division of property in a divorce action, the trial courts are vested with wide discretion. It must clearly appear that the trial court abused

its discretion before we will reverse an order adjusting property rights. *Carpenter v. Carpenter,* 657 P.2d 646 (Okl.1983); *Reed v. Reed,* 456 P.2d 529 (Okl.1969); *Mackey v. Mackey,* 420 P.2d 516 (Okl.1966); *Irwin v. Irwin,* 416 P.2d 853 (Okl.1966). The requirement that our courts make an equitable, fair and reasonable division of the marital estate does not mandate that either spouse be awarded an equal or significant portion in every case. *West v. United States,* 332 F.Supp. 1102 (S.D.Tex. 1971) (Construing Oklahoma law). *See also, Henley v. Henley,* 428 P.2d 258 (Okl. 1967) ("*... There is no fixed percentage or rule available* by which to measure or determine the amount of ... property to be awarded a party as to each case depends on its own facts and circumstances; the ... *division of property rests within the sound discretion of the trial court,* to be exercised in light of *all* surrounding circumstances, and ... such division will not be disturbed on appeal unless clearly against the weight of the evidence." 428 P.2d 260.

A review of the record indicates that the trial court committed no judicial error in the division of property, and no abuse of judicial discretion occurred.

### SUMMARY

The order of the trial court granting custody of the minor children to Husband is affirmed. We further affirm the division of property made by the trial court, and we specifically note such division has application only in a specific situation where, as here, the divorcing spouses have maintained and managed separate estates during their marriage.

Each party will bear his or her own costs and attorney fees for this appeal.

AFFIRMED.

DOOLIN, V.C.J., and LAVENDER, WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., and HODGES and OPALA, JJ., concur in judgment.

HARGRAVE, J., concurs in part dissents in part.