2004 OK CIV APP 64

Beth Ann Smith FULTZ,
Plaintiff/Appellee,

v.

Kevin Wayne SMITH,
Defendant/Appellant.

No. 99,797.

Court of Civil Appeals of Oklahoma,
Division No. 3.

July 2, 2004.

---

4. *McDonald, supra* note 1, at ¶¶ 7–8, at 577–78.

John Story, Tulsa, OK, for Appellant.

Justin Munn, Kruger and Associates, Tulsa, OK, for Appellee.

Opinion by LARRY JOPLIN, Judge.

¶1 Defendant/Appellant Kevin Wayne Smith (Father) seeks review of the trial court's order sustaining the objection of Plaintiff/Appellee Beth Ann Smith (Mother) to a "decision" by the court-appointed Parenting Coordinator modifying custody of the parties' minor child from Mother to Father. Having reviewed the record, we hold the order of the trial court should be affirmed.

¶2 Of the marriage of Mother and Father, one child (Child) was born. Mother and Father divorced in April 1994. Mother was granted custody of Child, and Father was granted visitation.

¶3 In April 2001, Father filed a motion to modify custody, alleging a material and substantial change in circumstances. The trial court entered a Temporary Order Agreement, leaving custody of Child with Mother.

¶4 In June 2002, the trial court appointed a Parenting Coordinator (PC) pursuant to

the Parenting Coordinator Act (Act), 43 O.S. 2001 §§ 120.1–120.6. The order provided:

### ISSUES SUBJECT TO PARENT COORDINATOR

The following specific issues are hereby submitted to the Parenting Coordinator:

1. Custody;

2. Visitation; . . . .

The [PC] may not make any decision outside the scope of issues submitted above, unless both parties agree.

¶ 5 On December 12, 2002, the PC entered a Memorandum of Understanding, concerning custody and visitation of Child. On July 1, 2003, the PC submitted a "Memorandum . . . to Update The Court of the Progress in this Case," reflecting the PC's "decision" to award custody of Child to Father:

> III. *Decisions* and *Recommendations* Entered by [PC] in Accordance with Order Appointing Parenting Coordinator, "Issues Subject to Parent Coordinator":
>
> A. *Decisions:*
>
> 1. Custody: By [Mother's] own admission [Child] is residing with maternal grandmother, who has Power of Attorney over [Child]. Defendant has expressed interest in becoming custodial parent. Therefore, *Issue Resolved by Decision of Parenting Coordinator:* Beginning the weekend of July 4th, [Father] shall become the full custodial parent of [Child]. . . .

(Emphasis original.)

¶ 6 Mother filed an objection to the PC's determination of custody, and the matter was set for hearing before the trial court. At the hearing, Mother testified that Father had not seen Child for nearly two years despite his right to visitation, and that Father had been in arrears in payment of child support.

¶ 7 Upon consideration of the arguments and evidence, the trial court refused to accept the PC's Memorandum of Understanding "in total." The trial court determined that the Order Appointing PC did not delegate to the PC authority to change custody, a matter within the exclusive authority of the court. Father appeals.

█ ¶ 8 In this appeal, Father asserts the trial court erred in refusing to accept the PC's decision when the Order Appointing PC specifically delegated authority to modify custody as the circumstances warranted, and the trial court is bound by the PC's determination of custody. Here, Father points to language of the Order Appointing PC permitting the PC to "resolve/decide" any of the listed "Issues Subject To Parent Coordinator," in particular, custody.

¶ 9 However, the Order Appointing Parenting Coordinator provides in pertinent part:

### ROLE OF PARENTING COORDINATOR

*Decisions:* The *primary role* of the [PC] is to *assist* the parties *in working out disagreements* about the child in a way that minimizes the conflict. . . .

. . . .

### REPORT TO COURT

A. Once a resolution, decision or recommendation of any or all of the issues directed to the [PC] is made, then a report shall be made by the [PC] to the court within twenty (20) days. . . .

B. The [PC] shall send a copy of th[e] written report to both parties and any attorneys involved in the case. The *parties shall* have ten (10) days in which to *file* with the Court a *response or objection stating why the Court should not make the decision/resolution/recommendation a court order.* If no objections are made, the Court *may* adopt the decision/resolution/recommendation as an order of the court without further notice. . . .

. . . .

D. All decisions/resolutions made by the [PC] are final and binding when made by the [PC] *until suspended or contradicted by order of the Court. . . .*

(Emphasis added.)

¶ 10 The Legislature adopted the Act in 2001. The Act grants to the trial courts of

this state the authority to appoint a PC for the extra-judicial resolution of disputes arising in "high-conflict" cases "where minor children are involved and the parties demonstrate a pattern of: litigation, anger and distrust, verbal abuse, physical aggression or threats of physical aggression, difficulty in communicating about and cooperating in the care of their children, or conditions that in the discretion of the court warrant the appointment of a" PC. 43 O.S. § 120.2(2)(a)-(f). At the time of entry of the Order Appointing Parenting Coordinator in the present case, the Act provided:

A. In any action for divorce, paternity, or guardianship where minor children are involved, the court may, upon its own motion, or by motion or agreement of the parties, appoint a parenting coordinator to hear and decide disputed issues relating to the minor children in the case....

. . . .

C. The *authority* of a parenting coordinator *shall be* specified in the order appointing the parenting coordinator and *limited to* matters that *aid in the* communication of the parties and the *enforcement of the court's order of custody,* visitation, or guardianship....

43 O.S. § 120.3. (Emphasis added.) And:

The parenting coordinator's decision shall be binding on the parties *until further order of the court.*

43 O.S. § 120.4(B). (Emphasis added.) Section 120.4(C) prescribes the timing of objections to a PC's recommendation or decision, and § 120.4(D) directs the trial court to review the objections and "thereafter enter appropriate orders."

¶ 11 We are constrained by the plain language of the statute. *TRW/Reda Pump v. Brewington,* 1992 OK 31, ¶ 5, 829 P.2d 15, 20; *Toxic Waste Impact Group, Inc. v. Leavitt,* 1988 OK 20, ¶ 10, 755 P.2d 626, 630. The plain language of the Act clearly limits the power and authority of a PC to "aid" in the "enforcement of the court's order of custody." The Act clearly makes any "decision" of a PC conditional and temporary subject to the court's review on timely objection by a party. The Act, in our view, clearly anticipates the trial court's *de novo* consider-

ation of all the facts and circumstances of the case, grants discretionary authority to the trial court to accept or reject the PC's decision, and permits the trial court to enter "an appropriate order" as the circumstances of the case warrant, whether in agreement with or contrary to the decision of the PC.

¶ 12 Moreover, we read nothing in the Act permitting the preclusive delegation of the trial court's ultimate authority over custodial disputes to a PC. Indeed, effective May 28, 2003, the Legislature amended § 120.3(C) to more plainly provide:

The appointment of a parenting coordinator shall not divest the court of its exclusive jurisdiction to determine fundamental issues of custody, visitation, and support, and the authority to exercise management and control of the case....

The parenting coordinator shall not make any modification to any order, judgment or decree;....

43 O.S. Supp.2003 §§ 120.4(C)(2), (3). Inasmuch as the 2003 amendment absolutely and unquestionably preserves the trial court's "exclusive jurisdiction to determine fundamental issues of custody, visitation, and support," we view amended § 120.4 "to more clearly express the legislative intention previously indefinitely expressed." *Magnolia Pipe Line Co. v. Oklahoma Tax Commission,* 1946 OK 113, ¶ 11, 167 P.2d 884, 888.

¶ 13 In sustaining Mother's objection to the PC's Memorandum of Understanding concerning custody, the trial court specifically rejected any reading of its Order Appointing Parenting Coordinator which "abrogates the authority of the Court and improperly delegates certain types of decisions, specifically custody of minor children, to parties who are not, in fact, the Court." The trial court's interpretation of its Order Appointing Parenting Coordinator is entirely consistent with the plain language of the quoted provisions of the Act which clearly reserve to the trial court the discretion and authority to accept or reject the PC's recommendations and decisions. Such an interpretation of the Order Appointing Parenting Coordinator is also entirely consistent with § 120.4(C) as amended and Oklahoma precedent recogniz-

ing the ultimate responsibility of the trial court as the arbiter of a child's best interests in custody matters. *See, e.g., Manhart v. Manhart,* 1986 OK 12, ¶¶ 11–17, 725 P.2d 1234, 1237.

¶ 14 Accordingly, we hold the trial court was not bound to accept the PC's determination of custody. At the hearing on Mother's objection, the trial court considered Mother's testimony and the PC's memorandum, and found nothing "on the face of the memo and attachments that would directly support the change of custody." Having reviewed the record, we cannot say the trial court erred in its evaluation of the evidence, or in refusing to accept the PC's determination.

¶ 15 Both parties seek an award of appellate costs and attorney's fees. Father seeks prevailing-party attorney's fees under 20 O.S. § 15.1, and prevailing-party costs under 12 O.S. § 978. Mother seeks attorney's fees and costs under 43 O.S. § 110(E), granting to the trial court discretionary authority to award "expenses of any ... subsequent . actions, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the dissolution of marriage action made for the benefit of either party or their respective attorneys."

¶ 16 Application of 20 O.S. § 15.1 is limited to cases where the appeal is determined to be wholly without merit. *TRW/Reda Pump,* 1992 OK 31, ¶ 12, 829 P.2d at 22; *Hervey v. American Airlines,* 1986 OK 19, ¶¶ 5–7, 720 P.2d 712, 713. Father is not the prevailing party and is not entitled to meritless-appeal attorney's fees under § 15.1. His request is denied.

¶ 17 We hold § 110(E) permits the award of attorney's fees to Mother in this case. Mother's prayer for appellate attorney's fees is granted, and the cause is remanded to the trial court for a determination of a reasonable amount. 12 O.S. § 696.4(C).

¶ 18 The order of the trial court is therefore AFFIRMED. The cause is REMANDED for the determination of a reasonable appellate attorney's fee to Mother.

MITCHELL, P.J., concurs.

HANSEN, J., concurring in part and dissenting in part.

I dissent to that portion of the opinion awarding appellate attorney fees to Mother.