POLSON v. BOYD



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:POLSON v. BOYD

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 POLSON v. BOYD
2018 OK CIV APP 42
Case Number: 115793
Decided: 04/27/2018
Mandate Issued: 05/24/2018
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2018 OK CIV APP 42, __ P.3d __

 

DENTON JAMES POLSON, Petitioner/Appellee,
v.
MADISON CAROLYN BOYD, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT
OF OSAGE COUNTY, OKLAHOMA

HONORABLE JOHN M. KANE, JUDGE

AFFIRMED

Ramona A. Jones, Tulsa, Oklahoma, for Petitioner/Appellee,

Todd Alexander, THE ALEXANDER LAW FIRM, PLLC, Tulsa, Oklahoma, for Respondent/Appellant.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 In this post-paternity proceeding, Respondent/Appellant, Madison Carolyn Boyd (Mother), appeals from the trial court's order modifying the parties' joint custody arrangement and implementing a "split custody" arrangement. The parties were never married to each other. Mother currently lives in Georgia and Father lives in Osage County, Oklahoma. The trial court found both parties are fit parents, but due to numerous incidents on important issues, the parties have shown an inability to fully cooperate in raising the child. The trial court awarded Petitioner/Appellee, Denton James Polson (Father), physical and legal custody of the parties' minor child during the school year, and awarded Mother physical and legal custody of the child during summers, fall break, spring break, and Thanksgiving break. The parties were ordered to alternate Christmas. After reviewing the record and extant law, we cannot find the trial court's "split custody" order was contrary to the evidence or the child's best interests. We therefore hold the trial court did not abuse its discretion in entering the "split custody" custody order and affirm.

¶2 The parties' child, E.M.E.P., was born December 1, 2010. The parties filed an agreed decree of paternity, joint custody plan and child support computation on March 2, 2012. The decree found both Mother and Father were fit and proper persons to be awarded the care, custody and control of the child. In January 2015, Father filed a motion to modify the joint custody arrangement. Father asked the court to award him sole custody because Mother relocated to Georgia, Mother subjected the child to three residential moves in two years, the transportation costs for custodial exchanges have increased due to Mother's relocation, and the child would soon be attending kindergarten. Father also stated he should have sole custody because it was important for the child to obtain instruction as to her Osage Indian heritage which was offered at the Osage Headstart program in Skiatook, Oklahoma. Mother counterclaimed for sole custody as well.

¶3 At trial, the parties described that they shared custody with one month in Oklahoma and one month in Georgia. However, because the child is beginning kindergarten, both parties agreed it is not reasonable to continue this arrangement because of the geographic distance. Mother testified she is married, that she and her spouse have an 8-month old child, and that they live in Savannah, Georgia. She stated she is very stable, unemployed and can stay home to care for her children. Mother pointed out Father's 24-hour shifts as a paramedic firefighter made him unavailable to parent the child on a daily basis. She asserted Father's wife is the primary care-giver when Father is working. Mother stated she has no issues with Father's wife, but she asserted the child should be raised by Mother. Mother also testified all her family, parents, brothers and sisters and their spouses live in Savannah, Georgia.

¶4 Father testified he works a 24-hour shift as a paramedic firefighter. He then has 48 hours off to care for his child. Father admitted during his 24-hour shift, he cannot care for the child, but stated he is accessible to the child at any time other than when he is performing his job. During his 24-hour shift, Father delegated his custodial responsibilities to his wife. Father testified his wife and the child are very close and she has been in the child's life since the day the child was born. Father asserted he is very stable, he has maintained consistent residences, and he has never met Mother's husband.

¶5 After the trial, the trial court found both parents are fit and proper persons to have custody of the child. The court announced: "the Court would be entitled under the facts here to continue with joint custody and perhaps simply modify the joint custody plan, but I'm going to do something that I have rarely done, if ever; and that is, I am going to order split custody in this case." The court explained this "means that whichever parent has the child during their time of custody is the custodial parent." The trial court stated the parties' testimony gave the court concern about their ability to cooperate in the raising of this child. Based on these findings, the trial court granted Mother custody of the child during the summer, fall break, spring break, and Thanksgiving break. The court granted Father custody during the school year. The parties were ordered to alternate Christmas. Mother now appeals arguing the court's order was contrary to law, not in the best interests of the child and an abuse of discretion.

¶6 Custody proceedings are equitable matters; thus, the trial court's ruling will not be disturbed unless it is against the clear weight of the evidence respecting the best interests of the child. Manhart v. Manhart, 1986 OK 12, ¶14, 725 P.2d 1234. In custody modification matters, this Court gives great deference to the trial court's judgment because the trial judge is better able to determine controversial evidence by observing the witnesses and their demeanor. Id. at ¶15.

¶7 In the instant case, both parties sought to modify the joint custody arrangement and to be awarded sole custody of the child. Joint custody may be terminated upon the request of one or both parents, or whenever the trial court determines joint custody is not in the best interests of the child. Title 43 O.S. Supp. 2009 §109(G)(1). "When it becomes apparent to the court that joint custody is not working and it is not serving the child's best interests, then a material and substantial change of circumstance has occurred and the joint custody arrangement must be vacated." Daniel v. Daniel, 2001 OK 117, ¶20, 42 P.3d 863. "When joint custody is terminated, the trial court must proceed as if it is making an initial custody determination and award custody in accordance with the best interest of the child, as if no such joint custody decree had been made." Id. at ¶21.

¶8 On appeal, Mother does not contest the termination of the joint custody arrangement. She objects to the change in child's primary domicile during the school year. Mother posits the trial court should have left the child in her care for the in-school/nine-month period and placed the child with Father for the summer period. Mother claims the trial court improperly considered her relocations as instability and a basis to award Father in-school custody. She also argues Father's work schedule prevents him from personally caring for the child. Mother argues there is no rational basis for an absent Father to be awarded primary custody of the child. Also, Mother argues there is no statutory authority for a "split custody" order in Oklahoma.

¶9 Father counters the trial court properly placed the child with him for the school year. He explains his work schedule allows him to spend blocks of time with the child. He also maintains he personally performs the parenting duties and responsibilities when he is home. He submits it is in the child's best interest to attend school in Oklahoma so she may learn about her Indian heritage and remain close to Father's family.

¶10 Having reviewed the record, we recognize this was a difficult decision for the trial court. Both parties are fit and loving parents and both are excellent choices as custodial parents. Joint custody is commonly used to permit a child to be placed under the care and control of one parent during the school year and with the other parent during summer vacation. However, this arrangement was not feasible due to the geographic distance between the parties' homes in Georgia and Oklahoma and the evidence that the parties were unable to cooperate on some issues concerning the child. As a result, the trial court ordered a hybrid arrangement involving split physical and legal custody. We cannot find the trial court's decision was against the clear weight of the evidence or an abuse of discretion.

¶11 Mother claims the trial court cannot award "split custody," because there is no provision for such custody in the statutes. The "split custody" arrangement ordered by the trial court is not specifically delineated in Title 43.[1] Notwithstanding, Spencer v. Spencer, 1977 OK CIV APP 23, 567 P.2d 112, long ago recognized the "split custody" school-year/summer custody arrangement that is particularly applicable when the child's parents live in different states. See also Stover v. Stover, 1984 OK CIV APP 43, 689 P.2d 952 (held trial court did not abuse its discretion splitting custody and granting father custody during school year and mother during summer). We therefore reject Mother's contention that the trial court's "split custody" arrangement is contrary to law.

¶12 It is evident both Mother and Father care deeply for the child. And, whether she is in Georgia or Oklahoma, the child has familial relationships and a loving parent to care for and nurture her. We therefore cannot find the trial court's custody decision is contrary to law, an abuse of discretion or contrary to the child's best interests. The trial court's order is affirmed.

¶13 AFFIRMED.

JOPLIN, J., and BUETTNER, J., concur.

FOOTNOTES

[1] Title 43 O.S. Supp. 2009 §118D(D)(1) and 43 O.S. Supp. 2015 §118E(B) recognize "split physical custody" arrangements (where each parent is awarded physical custody of at least one of the children) for child support computation purposes and parenting time adjustments.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1977 OK CIV APP 23, 567 P.2d 112, SPENCER v. SPENCER
Discussed
 1984 OK CIV APP 43, 689 P.2d 952, Stover v. Stover
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 117, 42 P.3d 863, 72 OBJ 3708, DANIEL v. DANIEL
Discussed
 1986 OK 12, 725 P.2d 1234, 57 OBJ 877, Manhart v. Manhart
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 118D, Computation of Child Support Obligation - Percentage of Combined Gross Income of Both Parents - Computation for Each Parent Required - Transportation Expenses - Support Order - Summary Form - Social Security Numbers Required
Cited
 43 O.S. 118E, Parenting Time Adjustments
Cited
 43 O.S. 109, Best Interest of Child Considered in Awarding Custody or Appointing Guardian - Joint Custody - Plan - Arbitration
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA